118 So.2d 792 (1960)
STATE of Florida, Petitioner,
v.
Charles Donald SMITH, Respondent.
No. B-336.
District Court of Appeal of Florida. First District.
March 10, 1960.
Rehearing Denied April 11, 1960.
*793 Richard W. Ervin, Atty. Gen., Leonard R. Mellon, Asst. Atty. Gen., Gordon G. Oldham, Jr., State Atty., Leesburg, and James W. Kynes, Jr., Asst. State Atty., Ocala, for appellant.
John R. Godbee, Jr., De Land, for appellee.
WIGGINTON, Chief Judge.
The State of Florida seeks review by certiorari of a judgment entered by the Circuit Court of Marion County acting in its capacity as an appellate court, by which it reversed a judgment of conviction entered against respondent in the County Judge's Court of Marion County. It is contended that the appellate court's judgment of reversal should be quashed for the reason that in arriving at its ultimate conclusion the court departed from the essential requirements of law. In response the respondent suggests that under the Constitution and settled law of Florida this court is without jurisdiction to review the questioned judgment by common-law writ of certiorari.
The power of the District Courts of Appeal to review by certiorari the judgments of circuit courts acting in their capacity as courts of final appellate jurisdiction is specifically conferred by revised *794 Article V of the Constitution.[1] Based upon the foregoing authority the respondent's suggestion that this court is without jurisdiction to review by certiorari the judgment of the Circuit Court of Marion County, acting as an appellate court, must be rejected.
Respondent, together with three of his companions, was charged in the County Judge's Court of Marion County with the offense of taking a doe deer contrary to law. The facts are that respondent and his companions were riding in an automobile owned by one of the occupants within the boundaries of the Ocala Wildlife Management Area when they were stopped by wildlife officers. Before placing any of the defendants under arrest, the officers searched the automobile and took from it certain equipment and paraphernalia belonging to the owner of the vehicle. A timely motion to suppress this evidence was made by all defendants, including respondent. The principal ground of the motion was that the search of the automobile was illegal in that it was made without a warrant, before arrest and without probable cause to believe that an offense against the laws of this state had been committed by defendants in the officers' presence. It was admitted that the officers making the search of the automobile did not have a search warrant, and that the search was made and the evidence seized prior to the time when the defendants were placed under arrest. The sole question presented to and passed upon by the trial judge was whether probable cause existed for belief on the part of the officers that defendants had committed a crime in their presence. Only the testimony of the officers was taken, the defendants having elected not to testify in support of their motion to suppress. From the evidence adduced the trial judge held that probable cause justifying a search of the automobile without a warrant did exist, and therefore denied the motion and admitted the equipment and paraphernalia in evidence over defendant's objection.
From a judgment of conviction, the owner of the automobile and respondent appealed. The sole question presented to the circuit court was whether or not the trial court erred in finding from the undisputed evidence that probable cause existed for searching the vehicle without a warrant and before arrest. Upon an analysis of the facts shown by the record, and in light of the applicable law, the circuit court held that the facts failed to establish that the officers had probable cause to believe that an offense under the laws of this state had been committed by defendants in their presence, and therefore the ensuing search was held to be illegal. Having arrived at this conclusion, the judgment of conviction was reversed.
By its petition for writ of certiorari in this court the State contends that although the appellate court's finding and determination with respect to the lack of probable cause rendering the search of the automobile illegal may be unassailable as to the defendant owner of the vehicle, that such determination departed from the essential requirements and settled principles of law when applied to the respondent who was only an occupant of the automobile at the time of the illegal search. In support of its petition the State invites our attention to the several decisions rendered by the appellate courts of this state in which it is held that immunity to an unreasonable search and seizure is a personal privilege to the one whose right has been invaded, and he only is entitled to invoke the constitutional guaranty against unlawful search and seizure. Generally an accused cannot protest a wrongful search and seizure of premises and property which he does not own or lease or lawfully occupy or possess or in which he has no interest.[2] The applicability of this *795 rule to occupants of motor vehicles who are mere invitees was precisely passed upon by this court in the Cameron case in which the general rule above stated was followed.[3] Regardless of the correctness of the State's position on the proposition of law presented by its petition for certiorari, we cannot agree that the writ should issue and the Circuit Court's judgment be quashed.
As to those cases where the Constitution affords final appellate jurisdiction in the circuit courts, certiorari may not be used in this court for the purpose of securing a second appeal, nor to produce the merits for review on appeal. The writ may not be used to review and affirm or reverse the judgment of a circuit court made in the exercise of its final appellate jurisdiction, but requires that the judgment be either quashed, or the writ of certiorari dismissed.[4]
Certiorari is a common-law writ which issues in the sound judicial discretion of the court to an inferior court, not to take the place of an appeal, but to cause the entire record of the inferior court to be brought up in order that it may be determined from the face thereof whether the inferior court has exceeded its jurisdiction, or has not proceeded according to the essential requirements of law.[5] Confined to its legitimate scope, the writ may issue within the court's discretion to correct the procedure of courts wherein they have not observed those requirements of the law which are deemed to be essential to the administration of justice. It is important, however, that the court should not broaden or extend the scope of the writ. A judgment void for lack of jurisdiction, or a proceeding characterized by a complete failure to observe essential requirements of law is subject to correction at the discretion of the court vested with the power to issue the writ.[6] Failure to observe the essential requirements of law means failure to accord due process of law within the contemplation of the Constitution, or the commission of an error so fundamental in character as to fatally infect the judgment and render it void. Certiorari is confined to a limited review of the proceedings of an inferior jurisdiction. It is an original action in the sense that the subject matter of the suit or proceedings which it brings before the court are not there reinvestigated, tried and determined upon the merits generally as upon an appeal.[7]
It seems to be the settled law of this state that the duty of a court to apply to admitted facts a correct principle of law is such a fundamental and essential element of the judicial process that a litigant cannot be said to have had the remedy by due course of law, guaranteed by Section 4 of the Declaration of Rights of our Constitution, if the judge fails or refuses to perform that duty.[8]
The record before us reveals that the question sought to be adjudicated in this court was never presented to nor passed upon by either the trial court or the circuit court sitting in an appellate capacity. The sole question presented to and adjudicated by both the inferior courts was whether probable cause existed to justify the arresting officers' belief that defendants had committed a crime in their presence, thereby justifying a search of the automobile without a warrant prior to arrest of the occupants. There was never presented to either of the inferior courts *796 the question of whether the right to object to the illegal search was available only to the owner of the automobile, or whether it was likewise available to the remaining occupants. The question presented for our review having not been presented to, considered or ruled upon by the Circuit Court, the petitioner has failed to carry the burden of demonstrating that the Circuit Court departed from the essential requirements of law in passing upon the only question presented to it for determination. Accordingly the petition for writ of certiorari is denied.
STURGIS, J., and MELVIN, WOODROW M., Associate Judge, concur.
NOTES
[1] Florida Constitution, Art. V, § 5(3), F.S.A.
[2] Alexander v. State, Fla.App. 1958, 107 So.2d 261; Chacon v. State, Fla. 1957, 102 So.2d 578.
[3] Cameron v. State, Fla.App. 1959, 112 So.2d 864.
[4] Benton v. State, 74 Fla. 30, 76 So. 341.
[5] American Railway Express Company v. Weatherford, 84 Fla. 264, 93 So. 740.
[6] Brinson v. Tharin, 99 Fla. 696, 127 So. 313.
[7] Basnet v. City of Jacksonville, 18 Fla. 523.
[8] Mathews v. Metropolitan Life Insurance Company, Fla. 1956, 89 So.2d 641.