PER CURIAM.
This is an appeal from the imposition of an enhanced sentence pursuant to Section 775.084, Florida Statutes (1979). Two errors were committed in the sentencing of appellant as a habitual felony offender under this statute.
In order to sentence a convicted felon as a habitual felony offender, the court must initially find that the criteria of Section 775.084(l)(a) 1-4 are satisfied. Secondly, the court must determine whether it is necessary for the protection of the public to sentence the offender to an extended term. In doing so, the court must make findings of fact which show on their face that an extended term is necessary for the protection of the public. Eutsey v. State, 383 So.2d 219 (Fla.1980); Adams v. State, 376 So.2d 47 (Fla. 1st DCA 1979). The findings need not appear in the written order, but instead may appear in the transcript of the sentencing proceedings. Id.
In the instant case, no findings of fact which show on their face that an extended term is necessary for the protection of the public appear either in the written order or in the transcript of the sentencing proceedings, therefore the enhanced sentence must be vacated and the case remanded for resentencing.
The court also improperly took judicial notice of a court file from the Fourth Judicial Circuit (Clay County) containing the record of a prior criminal conviction of appellant. Pursuant to the State’s notice of its request to take judicial notice, the court was under the impression that judicial notice of the entire file was mandated by Sections 90.202(6) and 90.203, Florida Statutes (1979), and did not require authentication of the file. The new evidence code applies to criminal proceedings related to crimes committed after the effective date of this code, July 1, 1979. § 90.103, Fla. Stat. (1979); In Re Florida Evidence Code, 376 So.2d 1161 (Fla.1979). The information charging appellant lists November 2, 1978, as the date of the crime for which appellant was convicted and to which these proceedings relate, thus the new evidence code was not applicable. For the reasons stated in Kostecos v. Johnson, 85 So.2d 594 (Fla.1956), before enactment of the new code judicial notice could not be taken of records in a case disposed of even in the same circuit. See also Glass v. Armstrong, 330 So.2d 57 (Fla. 1st DCA 1976). Instead such files had to be appropriately introduced in evidence. Kostecos, supra. Prior law required that to be admissible copies of records and judicial proceedings of any court in this state had to be authenticated by attestation of the officer having charge of the records of such court. § 92.10 Fla.Stat. (1975).
The error in taking judicial notice is significant because at the enhanced sentence proceedings the prosecutor read extensively from the transcript contained in the file. Because of the lack of findings of fact it is impossible to determine on review how great a role the improperly noticed material played in the court’s determination that the enhanced sentence was necessary for the protection of the public.
Accordingly, the enhanced sentence is vacated and the cause is remanded for proceedings in light of this opinion.
ERVIN, SHAW and WENTWORTH, JJ., concur.