413 So.2d 461 (1982)
Francesco ZAMBUTO, Appellant,
v.
STATE of Florida, Appellee.
No. 81-39.
District Court of Appeal of Florida, Fourth District.
May 5, 1982.
*462 Richard L. Jorandby, Public Defender, and Frank B. Kessler, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
HURLEY, Judge.
We are asked to decide whether, in the course of accepting a plea which anticipates probation, the trial court must inform the defendant that if he violates his probation he may subject himself to an enhanced penalty under the habitual offender statute. We answer in the negative for we hold that the enhanced penalty provisions of Section 775.084, Florida Statutes (1979), are collateral consequences of a plea. Accordingly, we affirm the sentence imposed.
Defendant, charged with grand larceny, elected to enter a plea of guilty. During the colloquy preceding the acceptance of the plea, the trial court stated the maximum statutory penalty for grand larceny, but did not mention the possibility of an enhanced penalty pursuant to Section 775.084, Florida Statutes (1979). Thereupon, the defendant entered a plea of guilty and was placed on five years probation with the special condition that he serve one year in the county jail.
Sometime after defendant's release from jail, he was charged with violating his probation. The court conducted a hearing, found a material violation and revoked defendant's probation. The state then filed a notice of intent to seek an enhanced penalty pursuant to Section 775.084, Florida Statutes (1979). A hearing was held in accord with the requirements of Section 775.084(3)(c) and, thereafter, the court imposed an enhanced penalty of ten years with credit for time served.
Defendant rightly contends that Rule 3.172(c)(i), Florida Rules of Criminal Procedure, governs the acceptance of pleas and mandates the trial court to advise the defendant of "the maximum possible penalty provided by law... ." Nonetheless, the trial court "is not required to advise the accused of every collateral consequence which follows from a guilty plea." Polk v. State, 405 So.2d 758, 761 (Fla.3d DCA 1981). "The distinction between `direct' and `collateral' consequences of a plea, while sometimes shaded in the relevant decisions, turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." Cuthrell v. Director, Patuxent Institution, 475 F.2d 1364, 1366 (4th Cir.) cert. denied, 414 U.S. 1005, 94 S.Ct. 362, 38 L.Ed.2d 241 (1973). See, e.g., Edwards v. State, 393 So.2d 597 (Fla.3d DCA) petition for review denied, 402 So.2d 613 (Fla. 1981); Herrera v. United States, 507 F.2d 143 (5th Cir.1975); Tindall v. United States, 469 F.2d 92 (5th Cir.1972); French v. United States, 408 F.2d 1027 (5th Cir.1969).
The Supreme Court of Washington discussed the proper categorization of an enhanced penalty provision in State v. Barton, 93 Wash.2d 301, 609 P.2d 1353 (1980). There, as part of a plea bargain, the prosecutor agreed to recommend probation if the defendant had no prior felonies and not more than three misdemeanor convictions. In accepting the plea, the trial judge advised the defendant of the maximum penalty under the statute, but did not discuss the possible application of the habitual offender statute. Later, the prosecutor discovered *463 that the defendant had three prior felony convictions. The prosecutor then filed a motion for sentencing under Washington's habitual offender statute. Upon a finding that the defendant had two prior felony convictions, the defendant was adjudicated as a habitual offender and sentenced to life imprisonment. On appeal, the Washington Supreme Court held:
[A]n habitual criminal proceeding is a collateral consequence of a guilty plea. An habitual proceeding is not automatically imposed after a defendant has entered a plea of guilty even if the defendant has two or more prior felonies. Rather, the prosecuting attorney has discretion on whether to file habitual proceedings conditioned on the requirement that prosecutorial discretion "must be tempered by procedural due process". Moreover, defendant's status as an habitual offender is determined in a subsequent independent trial in which defendant has the right to counsel, the right to subpoena and cross examine witnesses, the right to discovery, and the right to a trial by jury. Any enhancement of defendant's sentence is a collateral rather than a direct result of defendant's guilty plea. Therefore, defendant need not be advised of the possibility of an habitual criminal proceeding. Id. at 1356 (citations omitted).
Similarly, the Fifth Circuit in Wright v. United States, 624 F.2d 557 (1980), held that "a plea's possible enhancing effect on a subsequent sentence is merely a collateral consequence of the conviction; it is not the type of consequence about which a defendant must be advised before the defendant enters the plea." Id. at 561.
The same rationale governs Florida's habitual offender statute, Section 775.084, Florida Statutes (1979). Unlike the Washington and federal statutes,[1] our law does not indicate whether its implementation is dependent upon a request by the prosecutor; nonetheless, it cannot be said that its utilization is direct, immediate and largely automatic.[2]Chukes v. State, 334 So.2d 289 (Fla. 4th DCA 1976). The Florida Statute requires specific factual findings[3] and depends ultimately upon the trial court's determination that an enhanced penalty is "necessary for the protection of the public... ." Section 775.084(3), Florida Statutes (1979). Moreover, the statute contains abundant due process safeguards[4] which further indicate its separate and ancillary nature. Accordingly, we hold that the enhancement of the defendant's sentence was a collateral, rather than a direct, consequence of his plea of guilty. The trial court was not obliged to advise the defendant of the possible future application of the habitual offender statute.
The one question remaining is whether it was permissible to utilize the habitual offender statute to enhance defendant's sentence for violating probation. We answer in the affirmative. Bilyou v. State, 404 So.2d 744, 745 (Fla. 1981), held that "the violation of probation opens a new chapter in which the court ought to be able to mete out any punishment within the limits prescribed for the crime." Thus, "when a defendant pleads guilty pursuant to a plea bargain and the court places him on probation, if he violates his probation the court can sentence him to a term in excess of the provisions of the original bargain." State v. Segarra, 388 So.2d 1017, 1018 (Fla. 1980). Applying this reasoning to the case at bar, we find that the defendant met the criteria for classification as an habitual felony offender. For this reason we hold that the trial court did not exceed its authority *464 in revoking defendant's probation and imposing an enhanced penalty pursuant to Section 775.084, Florida Statutes (1979).
AFFIRMED.
HERSEY and DELL, JJ., concur.
NOTES
[1] Wash. Rev. Code § 9.92.090; 18 U.S.C. § 3575(a) (1970).
[2] Our statute is silent on how it is initially triggered. Since we need not resolve this issue we expressly refrain from doing so. But we note that the usual practice is exemplified in the case at bar where the state filed a motion for an enhanced penalty. Yet it is also arguable that the court, on its own motion, has the authority to implement the statute. See § 775.084(3), Fla. Stat. (1979).
[3] § 775.084(3), Fla. Stat. (1979); Mangram v. State, 392 So.2d 596 (Fla. 1st DCA 1981).
[4] § 775.084(3)(c), Fla. Stat. (1979).