PER CURIAM.
On March 26, 1984, as a result of plea negotiations between the state and his counsel, appellant Coban pled guilty to a charge of first degree murder. The trial court entered a judgment of conviction and sentenced him to life imprisonment on that date.
On June 28, 1985, Coban filed a petition under Florida Rule of Criminal Procedure 3.850 seeking to vacate his plea. See Robinson v. State, 373 So.2d 898 (Fla.1979); Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979). He alleged that his plea was involuntarily entered because he was not informed that the life sentence he agreed to required him to serve a minimum of twenty-five years in prison before becoming eligible for parole. See § 775.082(1), Fla.Stat. (1985).
An evidentiary hearing on Coban’s petition revealed that his court appointed counsel did not advise him of the mandatory consequence of a sentence to life imprisonment provided by Section 775.082(1). Moreover, the plea proceedings contained no mention by the prosecutor, defense counsel, or trial judge that Coban would be required to serve twenty-five years under a life sentence for first degree murder. Co-ban testified that he was unaware that he would be required to remain in prison for twenty-five years as a result of his plea bargain. On April 9,1984, shortly after he commenced serving his sentence, he inquired of the Classification Department at the prison as to whether he was under “new or old guidelines.” He was informed that he had to serve a minimum of twenty-five years. He then attempted to contact the clerk of the court, his court appointed counsel, and the public defender’s office to determine if there had been a mistake in respect to the sentence he received. Eventually his court appointed counsel responded, noting, “It is apparent that your understanding of the sentence you would receive upon pleading was one of natural life without a minimum mandatory....” Finally, Coban testified he would not have pled guilty to first degree murder if he had known he would have to serve twenty-five years before becoming eligible for parole. At the conclusion of the hearing, the trial judge concluded that Coban had pled knowingly to life imprisonment and denied his motion to vacate his plea.
In contending that the trial judge erred in denying his motion, Coban calls our at *1264 tention to Florida Rule of Criminal Procedure 3.172 which provides:
(c) the trial judge should, when determining voluntariness, place the defendant under oath and shall address the defendant personally and shall determine that he understands the following:
[[Image here]]
(i) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;....
Rule 3.172 incorporates the essential requirements for the taking of a guilty plea, which are: (1) The plea must be voluntary; (2) the defendant must understand the nature of the charge and the consequences of his plea; and (3) there must be a factual basis for the plea. Williams v. State, 316 So.2d 267 (Fla.1975). Thus, in State v. Green, 421 So.2d 508 (Fla.1982), the supreme court held that if a defendant is not advised of the trial judge's determination to retain jurisdiction over a portion of the sentence imposed pursuant to section 947.16, Florida Statutes (1979), the court must either strike that retention letting the original plea stand or let the defendant withdraw his guilty plea. In Perez v. State, 449 So.2d 407 (Fla. 2d DCA 1984), we said that in order for a guilty plea to be intelligently and voluntarily entered, the defendant must be advised of the minimum mandatory penalties which could be imposed.[1] There we held that the trial court erred in denying the defendant’s motion to withdraw a plea of nolo contendere. Perez, however, involved a combined change of plea and sentencing hearing, whereas here, Coban’s petition to vacate his plea was filed after he commenced serving his sentence.
It is apparent to us, however, that when Coban pled guilty he did so with the state, his counsel, and the court approving a negotiated plea whereby he would receive a life sentence. The plea proceedings before the trial court indicate that his plea was wholly voluntary and intelligently entered on that understanding. The trial judge did not mention any mandatory aspect in his oral pronouncement or in the written sentence. Moreover, the state made no challenge to the sentence as entered, and no direct appeal ensued from the conviction or sentence.
Accordingly, since no direct appeal challenged the correctness or legality of the defendant’s sentence of life imprisonment, we construe that he is now serving a life sentence and section 775.082(1) has no applicability to his sentence.
As construed, we affirm the defendant’s sentence.
SCHEB, A.C.J., and HALL and SANDERLIN, JJ., concur.

. The fact that under section 775.082(1) the defendant is ineligible for parole for twenty-five years appears to be a functional equivalent of a twenty-five year minimum mandatory sentence.