PARKER, Judge.
By this appeal, Garza challenges his convictions and sentences alleging that the trial court erred in refusing to allow Garza to withdraw his plea of guilty. We agree and reverse.
Garza had been charged in a two-count information with grand theft and dealing in stolen property. On April 29, 1986, Garza appeared at a pretrial conference, with counsel, and decided to enter a guilty plea to the charges. During the plea, Garza voiced his dissatisfaction with his attorney’s investigation into the case. The record of the plea contains no statement that the defendant was informed of the possible sentence to which he would be exposed by pleading guilty.
At the sentencing hearing on June 10, 1986, Garza’s counsel advised the trial court that Garza wished to withdraw his plea. The attorney explained that Garza and he had not had the best of communications in this case, and that Garza was never informed by counsel of the effect which the sentencing guidelines would have upon his case.
The trial court refused to allow the plea of guilty to be withdrawn, and advised that the sentencing guidelines scoresheet, corrected on the morning of sentencing, indicated a presumptive range of twelve to seventeen years in state prison, and that the probation officer recommended a sentence of fifteen years. The trial court further noted that the prosecution had represented to the trial court that the state would dismiss the grand theft charge if Garza was sentenced to fifteen years. Thereafter, the trial court sentenced Garza to fifteen years on the charge of dealing in stolen property, and the state dismissed the grand theft charge.
Rule 3.172(c)(i) of the Florida Rules of Criminal Procedure specifically requires that before accepting a plea, the trial judge determine that the defendant understands the maximum possible penalty for the of *728 fense to which he offers the plea. See Perez v. State, 449 So.2d 407 (Fla. 2d DCA 1984). The record here reflects that no such determination was made by the trial judge. To the contrary, the trial judge was informed of Garza’s lack of knowledge of the possible sentence but chose not to inquire further. Garza clearly did not enter a voluntary plea as contemplated by rule 3.172(c)(i). That rule, therefore, is disposi-tive of this appeal. Huot v. State, 516 So.2d 1140 (Fla. 4th DCA 1987).
Reversed and remanded to the trial court to allow Garza the opportunity to withdraw his plea of guilty.
SCHEB, A.C.J., and RYDER, J., concur.