520 So.2d 40 (1988)
STATE of Florida, Petitioner,
v.
James A. COBAN, Respondent.
No. 70278.
Supreme Court of Florida.
February 11, 1988.
Robert A. Butterworth, Atty. Gen., and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for petitioner.
Thomas M. Jaworski of the Florida Institutional Legal Services, Inc., Gainseville, for respondent.
*41 SHAW, Justice.
We review Coban v. State, 502 So.2d 1262 (Fla. 2d DCA 1986), to answer certified questions of great public importance.[*] Art. V, § 3(b)(4), Fla. Const.
Respondent Coban was indicted for first-degree murder in August 1983. Following plea negotiations by his counsel, Coban pled guilty to first-degree murder in return for the state's agreement not to seek the death penalty for the offense. Following a plea colloquy in March 1984, the trial judge accepted the plea, entered a judgment of conviction, and sentenced Coban to life imprisonment. The record does not show that Coban was advised that he would be required to serve no less than twenty-five years before becoming eligible for parole. § 775.082(1), Fla. Stat. (1983). In June 1985, Coban filed a petition under Florida Rule of Criminal Procedure 3.850 seeking to vacate his plea on the ground that he would not have entered the plea had he been told of the parole restrictions. The trial judge found the plea voluntary and denied relief. On appeal, the district court determined that the plea had been voluntarily entered but that the failure of the judge to mention the parole restrictions in his oral pronouncement or written sentence rendered section 775.082(1) non-applicable. Accordingly, the district court concluded that a sentence of life imprisonment with no restrictions on parole eligibility should be imposed.
The first question for us is whether the life sentence with no restriction on parole, as construed by the district court, is a legal sentence. The parties agree that it is not and urge we decide the case on the issue of voluntariness: if Coban did not voluntarily plead to life imprisonment with no eligibility for parole until twenty-five years are served, we should vacate the plea. We agree. There are only two possible penalties for first-degree murder under section 775.082(1). An offender must either be sentenced to death or to life imprisonment with no possibility of parole for twenty-five years. The plenary power of the legislature to prescribe punishment for criminal offenses cannot be abrogated by the courts in the guise of fashioning an equitable sentence outside the statutory provisions.
It is uncontroverted that Coban was not informed of the twenty-five year parole restriction contained in section 775.082(1) during the plea colloquy and that neither the oral nor written sentence apprised him of this restriction. Coban's former counsel testified that he had previously defended against approximately twenty first-degree murder charges and was familiar with the parole restriction, but cannot recall specifically informing Coban of that restriction. The state argues that a trial judge is not required under Florida Rule of Criminal Procedure 3.172 to advise a defendant of the collateral consequences of a guilty plea and that case law applying Federal Rule of Criminal Procedure 11(c)(1), which rule 3.172 adopts, specifically holds that eligibility for parole is a collateral, not a direct, consequence of a guilty plea. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); Owens v. Wainwright, 698 F.2d 1111 (11th Cir.), cert. denied, 464 U.S. 834, 104 S.Ct. 117, 78 L.Ed.2d 116 (1983); Cepulonis v. Ponte, 699 F.2d 573 (1st Cir.1983); Hunter v. Fogg, 616 F.2d 55 (2d Cir.1980); Trujillo v. United States, 377 F.2d 266 (5th Cir.), cert. denied, 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221 (1967); Smith v. United States, 324 F.2d 436 (D.C. Cir.1963), cert. denied 376 U.S. 957, 84 S.Ct. 978, 11 L.Ed.2d 975 (1964). Coban responds that the twenty-five year minimum sentence under section 775.082(1) is an automatic and direct consequence of a guilty plea to first-degree murder. Although we agree with the state that information about parole eligibility *42 is normally a collateral consequence of a guilty plea and a trial judge is not required to apprise a defendant of such information, we are not persuaded that this rule is applicable under the narrow circumstances presented here. As we read section 775.082(1), in the absence of a death penalty, the statute provides for an automatic minimum mandatory term of twenty-five years upon an adjudication of guilt. Consistent with our conclusion that the mandatory minimum sentence is triggered by the plea and the courts have no discretion on whether to impose this automatic sentence, we conclude that the mandatory minimum sentence is a direct consequence of respondent's plea and failure to advise him of this consequence renders the plea involuntary. We vacate the plea and sentence, quash the district court decision, and remand to the trial court for further proceedings. We answer no, yes, and yes, respectively, to the certified questions.
It is so ordered.
OVERTON, EHRLICH, BARKETT and KOGAN, JJ., concur.
McDONALD, C.J., dissents with an opinion.
McDONALD, Chief Justice, dissenting.
I dissent. In doing so I agree with the state's contention that the defendant's guilty plea is valid because it represents a voluntary and intelligent choice among alternative courses of action. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); Williams v. State, 316 So.2d 267 (Fla. 1975). The defendant need only be made aware of the direct consequences of his plea. Even though the statute prevents eligibility for parole after serving twenty-five years, the details of parole eligibility are still collateral to the life sentence. I would apply the precepts of Hill; Owens v. Wainwright, 698 F.2d 1111 (11th Cir.), cert. denied, 464 U.S. 834, 104 S.Ct. 117, 78 L.Ed.2d 116 (1983); Hunter v. Fogg, 616 F.2d 55 (2d Cir.1980); Trujillo v. United States, 377 F.2d 266 (5th Cir.), cert. denied, 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221 (1967); Jones v. Cupp, 7 Or. App. 415, 490 P.2d 1038 (1971), and deny relief. The record demonstrates that Coban knew what he was doing when he pleaded guilty, and I do not believe it is critical that he was not told how long he would have to wait to be considered for parole. Often a life sentence can be just that and he may never get parole.
NOTES
[*] The certified questions are

WHETHER, UNDER THE CIRCUMSTANCES OUTLINED IN OUR OPINION; (1) THE DEFENDANT'S PLEA MAY BE CONSIDERED VOLUNTARY AND HIS SENTENCE INTERPRETED TO BE A LIFE SENTENCE TO WHICH SECTION 775.082(1) HAS NO APPLICABILITY; OR (2) THE DEFENDANT'S SENTENCE IS SUBJECT TO THE MANDATORY REQUIREMENTS OF SECTION 775.082(1); OR (3) THE DEFENDANT'S PLEA MUST BE SET ASIDE AS INVOLUNTARY?
502 So.2d at 1264-65.