716 So.2d 827 (1998)
Freeman DANIELS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3014.
District Court of Appeal of Florida, Fourth District.
August 26, 1998.
*828 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, Judge.
Freeman Daniels appeals an order denying his motion to withdraw his plea. This court has jurisdiction. See Fla.R.Crim.P. 3.170(l); Fla.R.App.P. 9.140(b)(2)(B)(iii).
On February 21, 1997, Daniels entered pleas of nolo contendere to the charges of possession of cocaine, and possession of less than 20 grams of cannabis. Neither in the written petition to enter the plea, nor in the plea colloquy, was Daniels informed that as a result of his plea, his driver's license would be revoked pursuant to section 322.055(1), Florida Statutes (1997).[1]
The trial court sentenced Daniels on April 29, 1997. After the court pronounced sentence, the state requested that the trial court impose the mandatory license revocation. The court ordered revocation pursuant to section 322.055 and directed Daniels to surrender his license to the clerk. Daniels stated that he had driven himself to the courthouse and had no one to drive him home. The court suggested that Daniels' wife come and pick him up after she got off work.
On May 12, 1997, Daniels moved to withdraw his plea. At the hearing on the motion, Daniels stated that he was never advised by his attorney about the license suspension. He indicated that the first time he became aware of the suspension was at the sentencing hearing; he was surprised when the judge requested his license. Daniels asserted that he would never have entered the plea had he known of the license suspension.
Florida Rule of Criminal Procedure 3.170(k) requires the trial court to determine that a defendant's plea is voluntary. One aspect of a voluntary plea is that the defendant understand the reasonable consequences of his plea, including "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." Fla.R.Crim.P. 3.172(c)(1); Ashley v. State, 614 So.2d 486, 488 (Fla.1993). However, a trial court is required to inform a defendant only of the direct consequences of the plea, and is under no duty to advise the defendant of any collateral consequences. See State v. Ginebra, 511 So.2d 960, 961 (Fla.1987); State v. Fox, 659 So.2d 1324, 1327 (Fla. 3d DCA 1995), rev. den., Fox v. State, 668 So.2d 602 (Fla.1996). In Zambuto v. State, 413 So.2d 461, 462 (Fla. 4th DCA 1982), this court adopted the fourth circuit's definition of a "direct consequence" of a plea:
"The distinction between `direct' and `collateral' consequences of a plea, while sometimes shaded in the relevant decisions, turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." Cuthrell v. Director, Patuxent Institution, 475 F.2d 1364, 1366 (4th Cir.) cert. denied, 414 U.S. 1005, 94 S.Ct. 362, 38 L.Ed.2d 241 (1973).
In this case, the two year license revocation mandated by section 322.055(1) *829 was definite, immediate, and automatic upon Daniels' conviction. The revocation was a "consequence" of the plea under Ashley and a "penalty" contemplated by Rule 3.172(c)(1). Daniels did not waive his right to raise the issue, having filed his motion to withdraw the plea within 30 days of the rendition of the sentence under Rule 3.170(l). The transcript of the sentencing hearing supports his claim that imposition of the suspension surprised him. The defendant was placed on probation, not sentenced to a lengthy term of imprisonment, so the effect of the licence suspension upon him was not minimal. For these reasons, prior to accepting the plea, the trial court was required to determine that the defendant understood that he was subject to the section 322.055(1) suspension.
The state's reliance on State Department of Highway Safety and Motor Vehicles v. Grapski, 696 So.2d 950 (Fla. 4th DCA 1997), is misplaced. The point of that case was to demonstrate that a trial court did not have the power to tinker with the terms of a driver's license suspension that was made mandatory by statute. Grapski did not deal with the necessity of ensuring that a defendant's plea is voluntarily entered under Rule 3.172.
We reverse and remand to the trial court to allow Daniels the opportunity to withdraw his pleas. See Garza v. State, 519 So.2d 727 (Fla. 2d DCA 1988).
STONE, C.J., and TAYLOR, J., concur.
NOTES
[1] Section 322.055(1) provides in pertinent part:

[U]pon the conviction of a person 18 years of age or older for possession or sale of ... a controlled substance, the court shall direct the department to revoke the driver's license or driving privilege of the person.