ERVIN, J.,
dissenting.
I respectfully dissent from the majority’s decision to grant the petition for writ of certiorari. The majority holds that the circuit court erred in collaterally estopping petitioner, Shalimar Pointe Owners Association, Inc., from challenging the issuance of the construction permit to respondents, JMJ/Bayclub, Inc., and Dan and Ellen Beraha. The majority does not acknowledge, however, that the circuit court also evaluated the evidence and determined that the Okaloosa County Board of County Commissioners (Board) had departed from the essential requirements of law by denying the permit for a reason that was not authorized by law, resulting in a manifest injustice to respondents. Shalimar Pointe fails to show that the circuit court applied the law to the merits incorrectly in a manner that resulted in a miscarriage of justice. Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995). For this reason, I would deny the petition.
JMJ/Bayclub applied to the Okaloosa County planning and zoning department for a permit for construction in Shalimar Pointe, Florida, of a nine-story (117 feet) building containing 35 condominium units on a 1.42-acre parcel owned by Dan and Ellen Beraha, resulting in a 24.6 unit-per-acre density. The project is to be located in a district zoned as Business/Tourism (BT), a high-density residential land-use category in the Land Development Code (LDC), and mixed-use development category in the County Comprehensive Plan (CCP). Both categories in the LDC and CCP allow hotels, condominiums, offices, hospitals, etc., at 25.707 units-per-acre density, and neither contains a height limitation other than the Federal Aviation Administration’s height ceiling of 147 feet. The LDC and CCP thus permit high-rise condominiums in the BT zoning district subject only to the FAA height ceiling.[1] *1131 The planning and zoning staff recommended approval, but the Board denied the request after public hearing, finding that the proposed project was inconsistent with the CCP.
JMJ/Bayclub and the Berahas petitioned for writ of certiorari, with Okaloosa County and intervenor, Shalimar Pointe, as respondents. The circuit court granted the petition and issued the writ, directing the Board to grant the development order, finding first that the Board was estopped from denying the development order, because the court had already decided that issue in a previous proceeding to which Shalimar Pointe was not a party. In the alternative, the court found that the Board’s decision to bar the development was based solely on the height of the proposed project, which was not authorized by any provision of the LDC or CCP. Moreover, there was no competent, substantial evidence presented that would support a denial of the permit based upon factors other than height.[2] Finally, the Board did not state anywhere in the record that the 1997 proposal did not meet concurrency requirements (that there be public facilities available concurrent with the impact of the proposed project).
Although the LDC requires the Board to review any structures over 35 feet tall, the review is intended to determine compliance with the LDC and CCP. Because the LDC and CCP cohtain no height limitation, and height was the sole basis for the Board’s finding of inconsistency, the court concluded that the Board’s legal error in denying the permit constituted a departure from the essential requirements of law resulting in manifest injustice to JMJ and the Berahas. The court therefore issued the writ directing the Board to grant the development order.[3]
The narrow standard- of review of a district court when reviewing an appellate decision of a circuit court does not, of course, include a reevaluation of the evidence. This court is limited to determining whether the circuit court accorded the parties due process of law or committed an error so fundamental that it fatally infected the judgment and rendered it void. Haines, 658 So.2d at 527 (quoting State v. Smith, 118 So.2d 792, 795 (Fla. 1st DCA 1960)). In my opinion, the circuit court carefully adhered to the principles or review articulated in Haines. Nothing in the instant petition for writ of certiorari demonstrates that the circuit court’s alternative basis for rejecting the Board’s decision involved the application of an incorrect principle of law, and the parties do not contend that there was a denial of due process. Accordingly, I would deny the petition for writ of certiorari.

. The 1987 Shalimar Pointe Master Declaration and the 1992 Architectural Standards promulgated by the Shalimar Pointe Architectural Standards Committee impose a 35-foot height limit to single-family subdivisions within the development area, but no height limit on multi-family construction. The height limit thus does not apply to the project at issue. *1131 Moreover, the Board had no authority to enforce the Master Declaration or Architectural Standards.

. Okaloosa County’s architectural expert testified that the project is inconsistent with the comprehensive plan, but he based this upon its height in relation to other structures in the vicinity. A representative of Eglin Air Force Base testified that the mission of the base was threatened by a trend toward high-rise construction, but the court found that this testimony did not establish inconsistency with the comprehensive plan.

. The court noted that the appropriate means for addressing concerns related to height of new construction would have been to amend the LDC or CCP, or rezone the property prior to JMJ/Bayclub's application.