762 So.2d 995 (2000)
Joseph HOWARD, Jr., Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-3057.
District Court of Appeal of Florida, Third District.
June 28, 2000.
Rehearing Denied August 16, 2000.
Larry R. Handfield, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Fredericka Sands, Assistant Attorney General, for appellee.
Before GERSTEN, and RAMIREZ, JJ, and NESBITT, Senior Judge.
PER CURIAM.
Joseph Howard, Jr. entered a plea of guilty to burglary with an assault or battery and armed with a firearm; attempted second degree murder; and shooting at or into a private building. We reverse because he was sentenced to a minimum mandatory sentence of three years, but such a sentence was never discussed during the plea colloquy.
For a plea to be voluntary, the defendant must be fully advised of the direct consequences of the plea. See State v. Green, 421 So.2d 508, 509 (Fla.1982) ("Failure to so advise prohibits a defendant from rendering a truly voluntary and knowledgeable waiver of the constitutional *996 rights inherent in the plea arrangement"); Daniels v. State, 716 So.2d 827, 828 (Fla. 4th DCA 1998). A mandatory minimum sentence is a direct consequence of a defendant's plea, and the failure to advise a defendant of this consequence renders a plea involuntary. See State v. Coban, 520 So.2d 40, 42 (Fla.1988). In this case, the transcript of the plea discussions does not reveal any mention of a mandatory minimum sentence as required by Florida Rule of Criminal Procedure 3.172(c). See Thornton v. State, 747 So.2d 439 (Fla. 4th DCA 1999).
We reject the other points raised by Howard, but reverse and remand to allow him to withdraw his plea of guilty.