776 So.2d 1014 (2001)
Travies E. BOUTWELL, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-3548.
District Court of Appeal of Florida, Fifth District.
January 19, 2001.
*1015 Robert Eagan, Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Travies E. Boutwell ["Boutwell"] complains on appeal that the trial court erred in failing to allow him to withdraw his plea.
In October 1998, the State charged Boutwell with violation of section 800.04, Florida Statutes, lewd or lascivious assault upon a child under sixteen years of age. In September 1999, Boutwell entered a plea of no contest. In his written plea agreement, Boutwell agreed, in pertinent part:
4. I have read the Information or Indictment in this case and I understand the charge(s) to which I enter my plea(s). My lawyer has explained to me the maximum penalty(ies) for the charge(s), the essential elements, and the possible defenses to the crime(s), and I understand them....
5. No one has promised me anything to get me to enter the plea(s), except as stated herein. I understand that the Judge has made no promises as to what I will receive as a sentence; except that I will be sentenced within the Sentencing Guidelines. The prosecutor recommends that the following sentence be imposed: 5 years sex offender probation, adjudication of guilt, no contact w/ [victim] or any member of her family, standard fines & costs.
At the plea hearing, the trial court accepted Boutwell's plea and ordered a pre-sentence investigation. Boutwell alleges that in meeting with his probation officer for the pre-sentence investigation, he first became aware of the strictness of sex offender probation.[1]
On October 14, 1999, Boutwell filed a written motion to withdraw his plea, claiming that because he was unaware of the consequences of sex offender probation, his plea was not knowing or voluntary. Specifically, Boutwell claimed that the consequences were burdensome because:
The defendant was unaware that his plea would prohibit him from seeing his daughter without supervision, that he would have to quit his job as a subcontractor for the school board, that there would be such high monetary consequences, that it would effect his hobby of hunting and archery, that his class A CDL license would be in jeopardy, that he would be monitored by having to wear a device at all times, nor that he would incur a curfew....
The court conducted a hearing on Boutwell's motion. The State asserted that Boutwell's reasons for withdrawing his plea were merely collateral consequences of his sentence. Defense counsel, on the other hand, argued that, although some of the consequences of his plea were "obviously collateral," the curfew constituted a "community-confinement" sentence. Finally, the prosecutor stated that despite his "temptation" to allow Boutwell to withdraw his plea, he declined to do so, in part, because of the age of the victim:
Judge, there's a part of me that's tempted just to allow him to withdraw, but the fact of the matter is, I've got a 15-year-old individual who I contacted a few weeks ago and informed that this case had closed, and this person was very very much relieved by that fact.
And I don't want to be the one to have to pick up that phone and say, well, because of a problem the defendant had with a curfewhe can't go hunting or because he may have to quit his job as a subcontractor for the school boardwe have go to go back to square one. Those are all collateral and legally those are not a basis for a withdraw of a plea at this time.
*1016 The court also commented that it, too, was influenced by the victim's age:
If this were alike, a drug charge or something that didn't have the type of element that Mr. Tchividjian has referred to, and that is a minor and a victim, I probably would just do it pretty flippantly. I don't mind setting aside people's pleas, but I alsoI think it needs to be done very carefully when somebody is involved like a child who's a victim of an offense.
Observing that Boutwell had statutory notice of the consequences of sex offender probation, the court denied his motion to withdraw plea, and sentenced him to five years sex offender probation. Upon the State's agreement, the trial court allowed Boutwell to have continued unsupervised contact with his minor child.
Boutwell then filed a Rule 3.850 motion for post-conviction relief arguing that he would have not entered his plea of no contest if he had been informed of the consequences of sex offender probation. The trial court entered an order denying Boutwell's motion. On appeal, Boutwell contends that the trial court had the duty to assure that he was aware of the various components of sex offender probation prior to accepting his plea, but there can be no merit to such a claim where, as here, the defendant's plea agreement allowed for punishment far greater than sex offender probation. Appellant's plea agreement earned him only a recommendation for sex offender probation and a promise of no departure. Under the guidelines to which he agreed to be sentenced, the court could have imposed up to 16.6 months in prison. We find no error in the lower court's determination that defendant's ignorance of the restraints inherent in sex offender probation did not rise to the level of good cause to withdraw his plea.
Florida Rule of Criminal Procedure 3.170(f), entitled "Withdrawal of Plea of Guilty," provides:
The court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered thereon, set aside the judgment and allow a plea of not guilty, or, with the consent of the prosecuting attorney, allow a plea of guilty of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty. The fact that a defendant may have entered a plea of guilty and later withdrawn the plea may not be used against the defendant in a trial of that cause.
A trial court's decision regarding withdrawal of a plea will generally not be disturbed on appeal absent a showing of abuse of discretion. State v. Wiita, 744 So.2d 1232, 1234 (Fla. 4th DCA 1999).[2]
AFFIRMED.
SHARP, W., and PLEUS, JJ., concur.
NOTES
[1] Section 948.03(5)(a)(b), Fla.Stat. (1997).
[2] In order for a plea to be voluntary, a defendant must be advised of the "direct consequences" of his plea. Howard v. State, 762 So.2d 995 (Fla. 3d DCA 2000); Thornton v. State, 747 So.2d 439, 441 (Fla. 4th DCA 1999). To be considered "direct consequences" of a defendant's plea, the consequences must have a "definite, immediate, and largely automatic effect on the range of the defendant's punishment." State v. Fox, 659 So.2d 1324, 1327 (Fla. 3d DCA 1995)(quoting Zambuto v. State, 413 So.2d 461, 462 (Fla. 4th DCA 1982)); Howard, 762 So.2d 995; Thornton, 747 So.2d at 441; Daniels v. State, 716 So.2d 827, 828 (Fla. 4th DCA 1998). The terms of sex offender probation do not rise to that level.