819 So.2d 231 (2002)
Michael PRIANTI, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-978.
District Court of Appeal of Florida, Fourth District.
June 5, 2002.
*232 Michael Prianti, Milton, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Michael Prianti seeks review of an order that summarily denied his rule 3.850 motion for postconviction relief. Prianti pled as charged to several offenses including DUI impairment.
Prianti argues that his plea was not voluntary, because he was told by counsel that pursuant to his plea, his drivers license would be suspended for one year. Prianti was since advised by the Department of Highway Safety and Motor Vehicles that his license was permanently revoked as this conviction was his fourth offense. See § 322.28(2)(e), Fla. Stat. (2000).
For a plea to be voluntary, the defendant must be fully advised of the direct consequences of the plea. Daniels v. State, 716 So.2d 827, 828 (Fla. 4th DCA 1998). We have held that a mandatory two year revocation of a driver's license under section 322.055(1) is a direct consequence. Whipple v. State, 789 So.2d 1132 (Fla. 4th DCA 2001); Daniels, 716 So.2d at 828.
The state's position, which the trial court accepted, is that Prianti cannot demonstrate the requisite prejudice because this was his fifth, not fourth conviction. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We cannot agree, at this stage, because the record does not clearly reveal that Prianti had four other DUI convictions, and Prianti disputes this issue.
We therefore reverse for an evidentiary hearing.
KLEIN, TAYLOR and MAY, JJ., concur.