831 So.2d 1237 (2002)
Eric Dwayne MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-919.
District Court of Appeal of Florida, First District.
December 12, 2002.
Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Bryan Jordan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant entered a plea of nolo contendre to resisting an officer with violence and was sentenced as a Prison Releasee Reoffender pursuant to section 775.082(9)(a), Florida Statutes (1999). We reverse the trial court's denial of the appellant's motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(f), because the minimum mandatory sentence required by the PRR statute was never discussed during the plea colloquy.
*1238 For a plea to be voluntary, the defendant must be fully advised of the direct consequences of the plea. See State v. Green, 421 So.2d 508, 509 (Fla.1982); Daniels v. State, 716 So.2d 827, 828 (Fla. 4th DCA 1998). A mandatory minimum sentence is a direct consequence of a defendant's plea, and the failure to advise a defendant of this consequence renders a plea involuntary. See State v. Coban, 520 So.2d 40, 42 (Fla.1988). In this case, the transcript of the plea discussions does not reveal any mention of a mandatory minimum sentence as required by Florida Rule of Criminal Procedure 3.172(c). See Thornton v. State, 747 So.2d 439 (Fla. 4th DCA 1999).
Accordingly, we reverse and remand to the trial court, where appellant shall be given an opportunity to withdraw his plea. See Coban, 520 So.2d at 41-42; Green, 421 So.2d at 509-10.
BARFIELD, MINER and POLSTON, JJ., concur.