999 So.2d 1065 (2003)
STATE of Florida, Petitioner,
v.
Marianne F. CASWELL, Respondent.
No. 1D02-4453.
District Court of Appeal of Florida, First District.
October 31, 2003.
Rehearing Denied December 19, 2003.
Dennis A. Beesting, Assistant State Attorney, Panama City; Charlie Crist, Attorney General, and James W. Rogers, Assistant Attorney General, Tallahassee, for Petitioner.
Jeffrey P. Whitton, Panama City, for Respondent.
BARFIELD, J.
The state seeks certiorari review of a judgment entered by the Circuit Court of Bay County acting in its capacity as an appellate court, by which it affirmed a county court order granting post-conviction relief on respondent's claim that her "no contest" plea to the charge of Driving Under the Influence of Intoxicants (DUI) was not voluntary because she was not informed prior to the plea that as a consequence of the DUI conviction (apparently her fourth), the Department of Highway Safety and Motor Vehicles could permanently revoke her driver's license pursuant to section 322.28(2)(e), Florida Statutes. The circuit court essentially ruled that revocation of a driver's license, a statutorily mandated administrative act, is a direct consequence of a plea to a specified driving offense, requiring defense counsel to warn the defendant prior to the entry of the plea. We find certiorari review is appropriate under the circumstances.
When a district court of appeal reviews, by means of the discretionary common-law writ of certiorari, an order of a circuit court sitting in its appellate capacity over a county court, the proper inquiry is whether the circuit court afforded procedural due process and whether it applied the correct law, and certiorari discretion should be exercised only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice. See Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003); Ivey *1066 v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000); Haines City Community Development v. Heggs, 658 So.2d 523, 528-30 (Fla.1995); Combs v. State, 436 So.2d 93, 95-96 (Fla.1983). In Heggs, the supreme court concluded that in this context, "`applied the correct law' is synonymous with `observing the essential requirements of law.'" 658 So.2d at 530.
As Judge Altenbernd observed in Stilson v. Allstate Ins. Co., 692 So.2d 979, 982 (Fla. 2d DCA 1997), "In essence, the supreme court has cautioned the district courts to be prudent and deliberate when deciding to exercise this extraordinary power, but not so wary as to deprive litigants and the public of essential justice." And as Judge Wigginton explained in State v. Smith, 118 So.2d 792, 795 (Fla. 1st DCA 1960): "Failure to observe the essential requirements of law means failure to accord due process of law within the contemplation of the Constitution, or the commission of an error so fundamental in character as to fatally infect the judgment and render it void." Citing Mathews v. Metropolitan Life Ins. Co., 89 So.2d 641 (Fla.1956), Judge Wigginton went on to observe:
It seems to be the settled law of this state that the duty of a court to apply to admitted facts a correct principle of law is such a fundamental and essential element of the judicial process that a litigant cannot be said to have had the remedy by due course of law, guaranteed by Section 4 of the Declaration of Rights of our Constitution, if the judge fails or refuses to perform that duty.
118 So.2d at 795. In Kaklamanos, 843 So.2d at 888-90, the supreme court approved this court's decision to exercise certiorari jurisdiction, the basis of which was this court's determination that the circuit court had "applied the incorrect law" and that the circuit court's "purely legal error" was "sufficiently egregious or fundamental" to require a remedy.
Case law in existence long before the circuit court addressed the issue presented in this case established that revocation of a driver's license is not a punishment of the offender, but rather, under chapter 322, Florida Statutes, "an administrative remedy for the public protection that mandatorily follows conviction for certain offenses," Smith v. City of Gainesville, 93 So.2d 105, 107 (Fla.1957). See also State v. Scibana, 726 So.2d 793 (Fla. 4th DCA 1999); State v. Walters, 567 So.2d 49 (Fla. 2d DCA 1990); Department of Highway Safety & Motor Vehicles v. Vogt, 489 So.2d 1168 (Fla. 2d DCA 1986). Among these offenses is DUI, to which respondent pled no contest, and of which she was convicted.
Because license revocation under the mandatory provisions of chapter 322 is not a "punishment," regardless of whether it is ordered by the Department of Highway Safety and Motor Vehicles or by a court, it is not a "direct consequence" of the defendant's plea, as that term was defined by Florida courts before the circuit court addressed this case. In this context, a "direct consequence" of a plea is one that has a "definite, immediate, and largely automatic effect on the range of the defendant's punishment." Major v. State, 814 So.2d 424, 431 (Fla.2002).[1] The voluntariness of a defendant's plea depends only upon whether the defendant is aware of the direct consequences of the plea. Id. at 428. The trial court and defense counsel are not required to advise a defendant of the collateral consequences of the plea. See State v. Ginebra, 511 So.2d 960 (Fla. *1067 1987); Watrous v. State, 793 So.2d 6 (Fla. 2d DCA 2001).
There is no dispute that the circuit court afforded procedural due process in this case. However, in ruling that respondent was entitled to post-conviction relief on the claim that she was not advised of the permanent license revocation consequence of her plea, we find that the circuit court, sitting in its appellate capacity, departed from the essential requirements of law by failing to apply the established principles of law set out above, which resulted in a miscarriage of justice.[2] We therefore GRANT the petition, QUASH the circuit court order, and REMAND the case to the circuit court for further proceedings consistent with this opinion.
ERVIN, J., concurring with opinion, and ALLEN, J., dissenting with opinion.
ERVIN, J., concurring.
I concur with Judge Barfield in granting the petition for certiorari in this case. As Judge Allen notes in his dissent, a circuit court, in the absence of inter-district conflict, is bound to follow precedent from a district court of appeal. See Pardo v. State, 596 So.2d 665 (Fla.1992). Nevertheless, circuit courts, like district courts of appeal, must follow Florida Supreme Court precedent. See Hoffman v. Jones, 280 So.2d 431 (Fla.1973); State v. Lott, 286 So.2d 565 (Fla.1973).
The question in this case, as crystalized in the opinions written by Judge Barfield and Judge Allen, is whether the circuit court departed from the essential requirements of law by following Daniels v. State, 716 So.2d 827 (Fla. 4th DCA 1998), and its progeny, which state that revocation of one's driver's license is a direct consequence of a plea, instead of Smith v. City of Gainesville, 93 So.2d 105 (Fla.1957), holding that revocation is not a punishment, but rather is an administrative remedy.
I agree with Judge Barfield that a circuit court may not blindly follow district court precedent in the face of supreme court precedent to the contrary. In considering Smith v. City of Gainesville and Major v. State, 814 So.2d 424 (Fla.2002), in pari materia, it is apparent to me that revocation of a driver's license is not punishment and, therefore, cannot be considered a direct consequence of a plea.
Having so concluded, I would certify conflict with Daniels and other Fourth District cases that hold revocation of a driver's license is a direct consequence of a plea.
ALLEN, J., dissenting.
As the majority acknowledges, we may grant certiorari relief from an appellate decision of the circuit court only in a case in which the circuit court order violates a "clearly established principle of law." Because *1068 the circuit court order in the present case does not violate a clearly established principle of law, I would deny certiorari relief.
The legal issue decided by the circuit court was whether revocation or suspension of a Florida driver's license resulting from a plea to a driving offense is a direct consequence of the plea. The only law directly addressing the question is case law from the Fourth District holding that revocation or suspension of a license in these circumstances is a direct consequence. The circuit court was compelled to follow this case law because, in the absence of inter-district conflict, district court decisions bind all Florida trial courts. See Pardo v. State, 596 So.2d 665 (Fla.1992). This requirement applies even to circuit courts sitting in review of county court decisions. See Harris v. State, 773 So.2d 627 (Fla. 4th DCA 2000). The circuit court's order in the present case was therefore entered in accordance with this absolute requirement.
Although, in light of decisions such as Pardo, the circuit court had no discretion to decide this case other than it did, it likely drew considerable confidence in the ultimate correctness of its ruling from the fact that the leading case standing for the controlling legal proposition, Daniels v. State, 716 So.2d 827 (Fla. 4th DCA 1998), has been cited without criticism by every appellate court in Florida. See, e.g., Major v. State, 814 So.2d 424 (Fla.2002); Moore v. State, 831 So.2d 1237 (Fla. 1st DCA 2002); Watrous v. State, 793 So.2d 6 (Fla. 2d DCA 2001); Howard v. State, 762 So.2d 995 (Fla. 3d DCA 2000); Boutwell v. State, 776 So.2d 1014 (Fla. 5th DCA 2001). Indeed, the supreme court has favorably quoted from Daniels at considerable length, and has indicated that Daniels contains a correct recitation of the test to be applied in determining whether a consequence of a plea is direct or indirect. See Major v. State, 814 So.2d at 429, 431.
Notwithstanding all of the foregoing, the majority holds that the circuit court violated a clearly established principle of law when it entered an order fully consistent with the only law directly addressing the issue presented. I respectfully disagree and therefore dissent from the majority opinion.
NOTES
[1] See the earlier discussions of "direct" and "collateral" consequences of a plea in State v. Ginebra, 511 So.2d 960 (Fla. 1987), and in Zambuto v. State, 413 So.2d 461 (Fla. 4th DCA 1982).
[2] We are aware that the Fourth District Court of Appeal has reached a different conclusion regarding whether revocation of a driver's license is a direct consequence of a plea. See Prianti v. State, 819 So.2d 231 (Fla. 4th DCA 2002); Whipple v. State, 789 So.2d 1132 (Fla. 4th DCA 2001); Daniels v. State, 716 So.2d 827 (Fla. 4th DCA 1998). However, that court's failure to follow the law clearly established by the Florida Supreme Court does not relieve the circuit courts of their obligation to do so.

We note that in Daniels, the court held that driver's license revocation "was a `consequence' of the plea under Ashley and a `penalty' contemplated by Rule 3.172(c)(1)," but in Major v. State, 814 So.2d 424 (Fla.2002), the supreme court rejected this type of interpretation of Ashley v. State, 614 So.2d 486 (Fla. 1993). Moreover, both Prianti and Whipple, both of which relied in part on Daniels, involved affirmative "material misadvice" of defense counsel rather than, as here, failure to advise the defendant of the direct consequences of the plea.