889 So.2d 910 (2004)
Albertoine NORDELUS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-2756.
District Court of Appeal of Florida, Fourth District.
December 8, 2004.
Mark Skipper of Mark Skipper, P.A., Ft. Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna M. Hoffmann, Assistant Attorney General, West Palm Beach, for appellee.
*911 KLEIN, J.
Appellant moved for relief under rule 3.850, alleging that his plea to DUI manslaughter and DUI with property damage was involuntary because he was not advised that it would result in his driver's license being revoked. The trial court denied his motion and we reverse.
In his motion, which was denied without a hearing, appellant alleged that neither his counsel nor the trial judge informed him, before he entered his plea, that the court was required to revoke his driver's license under section 322.28(2)(e), Florida Statutes (1999), as a result of his conviction for DUI manslaughter.
Whether a defendant entering a plea must be advised of the consequence of the plea depends on whether the consequence is direct or collateral. A direct consequence is one which has a "definite, immediate, and largely automatic effect on the range of the defendant's punishment." Major v. State, 814 So.2d 424, 431 (Fla.2002) (quoting Major v. State, 790 So.2d 550, 551 (Fla. 3d DCA 2001)).
In Daniels v. State, 716 So.2d 827 (Fla. 4th DCA 1998) this court held that failure to inform a defendant that his driver's license would be revoked as a result of his plea was a direct, not a collateral consequence.
In State v. Caswell, 28 Fla. L. Weekly D2492, 2003 WL 22460275, ___ So.2d ___ (Fla. 1st DCA 2003), the first district disagreed with our opinion in Daniels and held that the revocation of a driver's license required by the statute upon a conviction of a crime was not a direct consequence of a plea. The majority in Caswell asserted that our decisions holding that the revocation of a driver's license is a direct consequence of a plea were contrary to Major v. State, 814 So.2d 424 (Fla.2002). As Judge Allen's dissent in Caswell pointed out, however, the Florida Supreme Court in Major, 814 So.2d at 429, quoted from Daniels and did not suggest Daniels was anything but correct.
Section 322.28(2)(e) provides that the "court shall permanently revoke the driver's license" of a person convicted of DUI manslaughter. This meets the test of being definite, immediate, and largely automatic. Major, 814 So.2d at 431. We accordingly disagree with Caswell, as well as the companion case of State v. Bolware, 28 Fla. L. Weekly D2493, 2003 WL 22460271, ___ So.2d ___ (Fla. 1st DCA 2003), and certify direct and express conflict.
Appellant also alleged in his motion that his counsel misadvised him that the trial court could place him on probation following his plea. The record attachments do not refute this claim or the claim that his plea was involuntary. We accordingly reverse for an evidentiary hearing on both issues.
WARNER and STEVENSON, JJ., concur.