On Remand From The Florida Supreme Court

PER CURIAM.
Appellant challenges the trial court’s order summarily denying his motion for posteonvietion relief under rule 3.850. We initially reversed the order, finding that the state had failed to conclusively refute his allegation that his plea to DUI manslaughter was involuntary because neither his attorney nor the trial judge had informed him that his license would be revoked as a result of his conviction. See Nordelus v. State, 889 So.2d 910 (Fla. 4th DCA 2004). We concluded that this was a direct consequence of the plea and thus was something about which a defendant must be advised upon entering a plea. We certified conflict with State v. Bolware, 999 So.2d 660 (Fla. 1st DCA 2003). The supreme court held in Bolware v. State, 995 So.2d 268 (Fla.2008), that revocation of a driver’s license does not constitute punishment and thus is a collateral, not direct, consequence of a plea. It therefore was not ineffective assistance of counsel to fail to advise the defendant of this consequence. The supreme court quashed our opinion and remanded for reconsideration.
Based on Bolware, we thus affirm as to appellant’s first issue.
We reverse, however, on appellant’s second claim, as we did in our prior opinion. He alleged that his plea was also involuntary because counsel misadvised him that the trial court could place him on probation following his plea. He claims that had he known that a prison sentence was mandatory he would not have entered a plea. As we noted in our previous opinion, the state has not conclusively refuted this claim. We reverse for attachment of portions of the record which conclusively refute this claim or for an evidentiary hearing.
WARNER, POLEN and STEVENSON, JJ., concur.