W. SHARP, Judge.
Davis appeals from his conviction for aggravated battery,[1] and his enhanced habitual offender sentence of 30 years for the battery offense and resisting an officer with violence.[2] He argues the state failed to charge and prove aggravated battery because the sole basis for enhancing the battery from simple to aggravated was that Davis kicked the victim with his foot. We agree and reverse in part.
The indictment charged Davis with battery with a deadly weapon, “To-wit: The foot of Harry Davis, without intent to kill.” Proof at trial related solely to how Davis viciously kicked the victim with his foot in the face and torso while the victim was helpless, on the ground, feeling around for his broken glasses. The only testimony suggesting Davis was wearing heavy shoes when kicking the victim was the treating physician’s testimony that the victim’s skull fractures near his eye could not have been caused by a blow from Davis’ fist without breaking bones in Davis’ hand, which did not occur.
The issue in this case is whether or not kicking with a foot can constitute use of a deadly weapon. The term “deadly weapon” must be strictly construed. Duba v. State, 446 So.2d 1167 (Fla. 5th DCA 1984). We agree that a shoe or boot worn *827 on a foot which delivers a blow to a victim may be found, depending on the evidence in the case, to be use of a deadly weapon.[3] However, in this case, the indictment only alleged use of a foot, and there was no testimony about shoes or boots on Davis’ foot when the victim was kicked (assuming arguendo, it can be inferred that people near a bar in Putnam County, late at night, commonly wear shoes).
The failure to charge and prove the deadly weapon element of aggravated battery in this case is fatal. We reverse the aggravated battery charge and reduce it to simple battery. Because Davis was sentenced for both offenses in this case on the basis of the single scoresheet involved, we must reverse both sentences and remand for resentencing. We reject Davis’ other arguments on appeal that the trial court erred in scoring the victim’s injuries as severe, or that the habitual offender statute is unconstitutional. See King v. State, 557 So.2d 899 (Fla. 5th DCA 1990); Long v. State, 558 So.2d 1091 (Fla. 5th DCA 1990).
REVERSED in part; REMANDED for resentencing.
GOSHORN and GRIFFIN, JJ., concur.

. § 784.045(l)(a), Fla.Stat. (1987).

. § 843.02, Fla.Stat. (1987).

. See Johnson v. State, 249 So.2d 452 (Fla. 4th DCA 1971); Bass v. State, 172 So.2d 614 (Fla. 2d DCA 1965).