566 So.2d 859 (1990)
Kenneth DINKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1731.
District Court of Appeal of Florida, First District.
September 4, 1990.
Roberto A. Arias, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen. and Virlindia A. Sample, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of a judgment of conviction and sentence for burglary, asserting reversible error in the jury selection process because the state peremptorily excused a black juror. Because appellant failed in his initial burden of demonstrating a strong likelihood that the juror was struck solely because of race, we find no error in the court's refusal to conduct an inquiry pursuant to State v. Neil, 457 So.2d 481 (Fla. 1984).
During voir dire the state peremptorily excused a black juror. Appellant did not formally object or request a Neil inquiry. Appellant's counsel merely stated "for purposes of the record I would like to state that my client is a member of [a] cognizable racial group. The state has struck the first person of that racial group that's in the jury panel. They have offered no reasons for that strike." The court responded, "[t]hat's not significant enough for me *860 to make an inquiry," and did not question the state. After the jury was accepted the state voluntarily disclosed its reasons for the challenge. No response was made by defense counsel. The trial proceeded and appellant was found guilty and sentenced.
The first question which this case presents is whether appellant properly objected to the state's exercise of the challenge. While counsel's statements might otherwise be insufficient to preserve the issue for appeal, the trial court's response indicates that the statements were understood to be an objection. We will therefore treat this issue as being preserved for appellate review. See Smith v. State, 562 So.2d 787 (Fla. 1st DCA 1990); Adams v. State, 559 So.2d 1293 (Fla. 3d DCA 1990).
Appellant contends that based on his assertions made after the black juror was struck, the court should have conducted an inquiry pursuant to State v. Neil, supra. In Neil, the court established the procedure to be followed when a party seeks to challenge the opposing party's peremptory excusals. Initially,
[a] party concerned about the other side's use of peremptory challenges must make a timely objection and demonstrate on the record that the challenged persons are members of a distinct racial group and that there is a strong likelihood that they have been challenged solely because of their race.
Id. at 486. Once this initial burden has been met, the burden shifts to the party making the peremptory challenge to show that the questioned challenge was not exercised solely because of the juror's race.
In the present case the trial court refused to inquire into the state's motives for the challenge. The court apparently found that appellant, defendant below, had failed to demonstrate the requisite likelihood that the black juror was challenged by the state solely on the grounds of race. This burden must be met by defendant before the trial court is required to inquire into the state's reasons for the challenge. State v. Neil, supra. Within the limitations imposed by Neil, the trial court has broad discretion in determining whether the defendant has met this burden. See Reed v. State, 560 So.2d 203 (Fla. 1990). In this case appellant relied solely on the fact that the excused juror was black, which was insufficient to carry his initial burden under Neil. See Riggins v. State, 557 So.2d 185 (Fla. 3d DCA 1990); Reynolds v. State, 559 So.2d 918 (Fla. 1st DCA 1990). Since appellant failed to satisfy his initial burden, the trial court did not err by declining to inquire into the state's motives for the challenge.
Here, unlike Smith v. State, 562 So.2d 787 (Fla. 1st DCA 1990), because appellant failed in his initial burden, there was and is no need to examine the motives expressed by the state after the jury was accepted. In Smith, supra, the trial court requested that the state "voluntarily" give its reasons for the juror strike, while in the present case the court found no indication of improper motives sufficient to require such an inquiry.
The order appealed is affirmed.
MINER, J., concurs.
ERVIN, J., dissents with written opinion.
ERVIN, Judge, dissenting.
I cannot agree with the majority in its conclusion that there was no need to examine the reasons expressed by the prosecutor supporting his challenge directed to the black juror. Although I am mindful of the assigned shifting burdens set forth in State v. Neil, 457 So.2d 481 (Fla. 1984), I also note that our supreme court has stated in State v. Slappy, 522 So.2d 18, 21-22 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988), that the spirit and intent of Neil is "not to obscure the issue in procedural rules governing the shifting burdens of proof," as the majority would have us do, but is instead designed to give parties broad leeway to make a "prima facie showing that a `likelihood' of discrimination exists." Thus, once the state volunteers its reasons for striking a prospective juror, notwithstanding a failure by the defense to earlier establish a prima facie showing, the state's voluntary action *861 should in my judgment be viewed as a concession that the defendant has satisfied his or her initial burden under Neil, and the trial court should then consider the reasons offered on their merits.
Therefore, if it appears from any such volunteered explanation that any of the prosecutor's challenges were racially motivated, the trial court should strike the venire regardless of whether it earlier ruled that the defense had failed to satisfy its initial Neil burden. See Reed v. State, 560 So.2d 203, 206 (Fla. 1990). See also Smith v. State, 562 So.2d 787 (Fla. 1st DCA 1990); Knight v. State, 559 So.2d 327 (Fla. 1st DCA), appeal pending, No. 76084 (Fla. May 29, 1990) (both passing on the merits of alleged discrimination because the state voluntarily agreed to proceed with a Neil inquiry, despite the absence of a ruling requiring the state to provide its reasons for its challenges).
In the instant case, the trial court initially  and correctly in my judgment  found that the defendant had failed to make a prima facie showing that there was a strong likelihood that any of the jurors had been challenged by the state because of their race. Notwithstanding the court's ruling, and just prior to the acceptance of the jury by the attorneys, the prosecutor stated:
While we are up here Miss Smith was struck by the State. Miss Smith is a divorced woman and she's the only one of the first people of anybody that we struck who did not own her own home and the substance of this case is burglary of a dwelling.[1]
Both Miss Smith and the defendant are black.
Considering then the reasons given by the state on their merits, I think it obvious that none of the reasons, under applicable case law, can be determined racially neutral. Our supreme court set forth five factors in Slappy relating to circumstances which tend to show that the state's reasons for exercising a challenge amount to an impermissible pretext. Two of the factors listed are that "the prosecutor's reason is unrelated to the facts of the case," and that the juror was challenged "on reasons equally applicable to [a] juror who [was] not challenged." Slappy, 522 So.2d at 22. Although the present case involved a burglary, I am unable to see how Miss Smith's marital status had any potential relationship to the pertinent facts of the case or to her potential partiality. Regarding the fact that Miss Smith is not a homeowner, one certainly need not be a homeowner in order to be burglarized. Moreover, John Griffin, a white juror who was not challenged, was also not a homeowner. See also Knight, 559 So.2d at 329 (challenge of single mother of four children who did not own a home and who was employed as a cook in burglary case was "marginal, at best"). Because at least two of the Slappy factors are present in the instant case, the state's reasons constitute, in my judgment, an impermissible pretext for the challenge. Consequently, because the state's peremptory strike was racially motivated, the trial court, in accordance with the dictates of Reed, should have struck the entire venire and then renewed the voir dire examination. Reed, 560 So.2d at 206.
In so saying I am cognizant of the fact that the final jury panel in this case included two black jurors; however, as observed in Slappy, and reiterated in Thompson v. State, 548 So.2d 198 (Fla. 1989), "`[T]he number [of challenged peremptories] alone is not dispositive, nor even the fact that a member of the minority in question has been seated as a juror or alternate,'" rather the issue is whether "any juror" has been excused because of his or her race. Thompson, 548 So.2d at 202 (quoting Slappy, 522 So.2d at 21).
NOTES
[1] Although the record indicates that defense counsel made the above statement, when considered in context, it is apparent that such is a reporting error and that it was the prosecutor who made the statement.