614 So.2d 537 (1993)
Brad RULAND and Frank Ruland, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 91-2834, 91-2903.
District Court of Appeal of Florida, Third District.
January 19, 1993.
Rehearing Denied April 6, 1993.
*538 Sonnett, Sale & Kuehne and Benedict P. Kuehne, Miami, for appellants.
Robert A. Butterworth, Atty. Gen., and Richard S. Fechter, Asst. Atty. Gen., for appellee.
Before HUBBART, GERSTEN and GODERICH, JJ.
PER CURIAM.
This is an appeal by the defendants Brad Ruland and Frank Ruland from final judgments of conviction and sentences for a series of criminal offenses which were entered below based on an adverse jury verdict. The defendant Brad Ruland was convicted of (1) aggravated battery, and (2) criminal mischief; the defendant Frank Ruland was convicted of (1) aggravated assault with a firearm, (2) aggravated battery, (3) carrying a concealed firearm, and (4) criminal mischief. We affirm.
First, we reject the defendants' initial point on appeal that the evidence adduced at trial was insufficient to support the convictions entered against them. The testimony of the victim and his girlfriend in this case was sufficient, if believed, to sustain the instant convictions. Although the defendants heavily rely on certain contradictions and other impeachment evidence which was adduced at trial to discredit the victim's testimony, we conclude that the credibility of the state's evidence was for the jury to determine; the trial court therefore did not err in denying the defendants' motion for a judgment of acquittal at trial. See Cunningham v. State, 385 So.2d 721, 722 (Fla. 3d DCA 1980), rev. denied, 402 So.2d 613 (Fla. 1981); Busch v. State, 466 So.2d 1075, 1079 (Fla. 3d DCA 1985).
Second, we reject the defendants' next point on appeal concerning the admissibility of certain comments and conduct of the defendants while in police custody on the asserted ground that the said evidence was inadmissible under the Miranda doctrine. This point has not been properly preserved for appellate review because the defendants did not renew their objection to the subject evidence when it was introduced at trial, after the defendants' pretrial motion to suppress this evidence was denied. Stanley v. State, 357 So.2d 1031, 1034 (Fla. 3d DCA), cert. denied, 364 So.2d 891 (Fla. 1978); see Shea v. State, 167 So.2d 767 (Fla. 3d DCA 1964).
Third, we find no merit in the defendants' next two points on appeal which arise from the jury selection process. (a) The trial court properly sustained the state's objection to the defendants' use of peremptory challenges to excuse two prospective black jurors because, after an otherwise proper Neil inquiry, the defendants were unable to proffer race-neutral, non-pretextual reasons for challenging these jurors, where the defendants in this case were white. Jefferson v. State, 595 So.2d 38 (Fla. 1992); State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988); Dinkins v. State, 566 So.2d 859 (Fla. 1st DCA), rev. denied, 576 So.2d 286 (Fla. 1990). (b) The trial court properly excused a prospective juror for cause at the request of the state after the juror stated he would hold the state to a greater burden of proof than beyond a reasonable doubt and arguably made certain thinly veiled, bigoted comments during his voir dire examination. Diaz v. State, 608 So.2d 888 (Fla. 3d DCA 1992); Noe v. State, 586 So.2d 371 (Fla. 1st DCA 1991), rev. denied, 598 So.2d 77, 78 (Fla. 1992).
Fourth, we find no merit in the defendants' next two points on appeal concerning certain evidentiary rulings made by the trial court. (a) The trial court did not err in excluding evidence of the victim's drug use and possession of drug paraphernalia at the time of the offense. Contrary to the defendant's argument, such evidence was not offered at trial to impeach the ability of the victim to recall and relate the events at issue in this case; it was instead offered to establish that the victim was a drug dealer or user, and, thus, was an impermissible attack on the character of the victim (R. 249-61). See Edwards v. State, 548 So.2d 656 (Fla. 1989); Williams *539 v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959); Charles Ehrhardt, Florida Evidence § 608.6 (2d ed. 1984). (b) The trial court did not, as urged, commit reversible error in restricting the cross-examination of a state witness by sustaining an objection to a question as to whether the victim's telephone had been disconnected. Even if error, the error was entirely harmless because the witness stated she did not recall whether this was true. See Lambrix v. State, 494 So.2d 1143 (Fla. 1986); State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Finally, we find no reversible sentencing scoresheet error as to the defendant Brad Ruland. The thirty-six points scored for severe victim injury in this case is fully established by the evidence adduced below. As to the other claimed fifteen-point scoring error, even if the disputed offense was scored as a misdemeanor, rather than a second-degree felony, the sentencing guidelines range would remain the same, and any error here was harmless. Davis v. State, 565 So.2d 826 (Fla. 5th DCA 1990); Vandeneynden v. State, 478 So.2d 429 (Fla. 5th DCA 1985); see Peeples v. State, 575 So.2d 316 (Fla. 2d DCA 1991); Pire v. State, 575 So.2d 299 (Fla. 4th DCA 1991).
Affirmed.