STONE, J.
We affirm Reed’s sentence which includes a provision for the permanent suspension of his driver’s license pursuant to section 316.655(2), Florida Statutes.
Reed was involved in a fatal automobile accident and was charged with manslaughter and vehicular homicide. He was found guilty of reckless driving, a lesser-included offense of vehicular homicide. It is undisputed that the victim died at the scene.
Section 316.655(2) provides in pertinent part:
Drivers convicted of a violation of any offense prohibited by this chapter or any other law of this state regulating motor vehicles may have their driving privileges revoked or suspended by the court if the court finds such revocation or suspension warranted by the totality of the circumstances.... In determining whether suspension or revocation is appropriate, the court shall consider all pertinent factors, including, but not limited to, such factors as the extent and nature of the driver’s violation of this chapter, the number of persons killed or injured as the result of the driver’s violation of this chapter, and the extent of any property damage resulting from the driver’s violation of this chapter.
§ 316.655(2), Fla. Stat. (Supp.1996).
We recognize that a trial court may not impose punishment for an act with regard to which the defendant was acquitted. Here, however, although Reed was not convicted of manslaughter or vehicular homicide, the trial court had discretion to consider the totality of the circumstances, including the fact that a death occurred, in deciding whether to revoke or suspend . Reed’s driving privileges. Therefore, we find that the trial judge properly suspended Reed’s driver’s license.
KLEIN and STEVENSON, JJ., concur.