754 So.2d 121 (2000)
Allen Joseph TROMBLEY, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D98-2328.
District Court of Appeal of Florida, Fifth District.
March 17, 2000.
*122 Allen J. Trombley, Jr., Madison, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
Trombley appeals from his judgments and sentences for driving under the influence with serious bodily injuries,[1] and two counts of driving under the influence causing damage or injury.[2] He raises numerous points on appeal, which we find were not preserved and are generally without merit.
The record establishes that in 1997, Trombley rear-ended another vehicle at a high speed and caused a chain reaction collision which damaged other vehicles and persons. He was charged with the crimes enumerated above, plus leaving the scene of an accident involving personal injury.[3] He entered into a plea agreement which provided for a cap at the mid-range of the sentencing guidelines and payment of restitution. Pursuant to the agreement, he pled no contest and was adjudicated guilty of the three DUI crimes and was sentenced to 101.8 months (8.48 years) in prison for the first DUI count, and one year each for the others, to be served concurrently. He was also sentenced to five years in prison for three violation-of-probation cases, to be served concurrently with the others.
First Trombley argues he was sentenced to a term of imprisonment which exceeded the maximum pronounced at the plea hearing. However, he failed to preserve this point because he did not object at the sentencing hearing nor did he move to withdraw his plea.[4]
In any event, this point lacks merit. It is clear from the plea hearing that the court's reference to a maximum of five years for DUI with serious injuries was the statutory maximum which the court is required by Florida Rule of Criminal Procedure 3.172(c)(1)[5] to inform a defendant about before accepting a plea. However, the plea agreement referred to a sentence at the mid-point of the guidelines range, which was 101.8 months. Further, at the sentencing hearing, defense counsel asked Trombley if he understood he was facing six to eight years in prison, and he responded, "yes." Although the law has changed on this point, a defendant can be sentenced to the recommended guidelines *123 sentence even if it exceeds the statutory maximum. Fla. R.Crim. P. 3.703(d)(27).
Second, Trombley argues the trial court erred in imposing a $5,000.00 fine and costs because the plea agreement did not include them. Although the plea agreement does not specifically state a fine would be imposed for the DUI with serious injures, the agreement does note under the maximum sentence, "guidelines/$5,000.00 fine." The costs imposed are statutory costs for which the statute provides the requisite notice. See Rhodes v. State, 580 So.2d 159 (Fla.1991).
As to these issues, Trombley failed to preserve them for review on appeal. When the fine and costs were announced at sentencing, Trombley did not object nor did he later move to withdraw his plea. See § 924.051(3), Fla. Stat.; Fla.App. R. Proc. 9.140(b)(2)(B)(ii) and (iv).
Third, Trombley contends the trial court erred in suspending his driver's license for five years pursuant to section 322.28. That statute provides in part:
(2) In a prosecution for a violation of s. 316.193 or former s. 316.1931, the following provisions apply:
(a) Upon conviction of the driver, the court, along with imposing sentence, shall revoke the driver's license or driving privilege of the person so convicted, effective on the date of conviction, and shall prescribe the period of such revocation in accordance with the following provisions:
* * *
2. Upon a second conviction within a period of 5 years from the date of a prior conviction for a violation of the provisions of s. 316.193 or former s. 316.1931 or a combination of such sections, the driver's license or driving privilege shall be revoked for not less than 5 years.
"Conviction" is defined as follows:
(10) "Conviction" means a conviction of an offense relating to the operation of motor vehicles on highways which is a violation of this chapter or any other such law of this state or any other state, including an admission or determination of a noncriminal traffic infraction pursuant to s. 318.14, or a judicial disposition of an offense committed under any federal law substantially conforming to the aforesaid state statutory provisions.
§ 322.01(10), Fla. Stat. (1997).
Trombley concedes that he was convicted of DWI in New York on June 2, 1993. He argues that his present conviction does not qualify for a five year suspension because he was "convicted" when he was sentenced on July 23, 1998, which is more than five years after the date of his New York conviction. This point was not objected to and thus it was not preserved for review. § 924.051(3), Fla. Stat. In any event, it lacks merit.
In Raulerson v. State, 699 So.2d 339 (Fla. 5th DCA 1997), rev. granted, 709 So.2d 537 (Fla.1998), this court held that the Legislature intended the term "conviction," as used in section 322.34, a similarly-related statute to the one involved in this case, to mean a determination of a defendant's guilt by way of a plea or verdict. We relied on State v. Gazda, 257 So.2d 242, 243-244 (Fla.1971): "the term `conviction' means determination of guilty by verdict of the jury or by plea of guilty, and does not require adjudication by the court." See also Fla. R.Crim. P. 3.701(d)(2). In this case, Trombley entered his plea on May 26, 1998, a time within five years of his New York conviction.
As a back-up, Trombley contends the court failed to advise him of the license suspension prior to sentencing and thus his plea was involuntary. See Daniels v. State, 716 So.2d 827 (Fla. 4th DCA 1998). *124 However, Trombley did not move to withdraw his plea and thus this issue was not preserved. Compare Daniels.
Fourth, Trombley complains the trial court erred in assessing victim injury points on his scoresheet thus increasing the sentencing range. Initially, he says no victim injury points should have been assessed for the crime of DUI with serious bodily injuries because personal injuries are inherent elements of the crime. He did not make this objection below. § 924.051(3), Fla. Stat. However, even if he had, this argument is without merit. See Wendt v. State, 711 So.2d 1166 (Fla. 2d DCA 1998) (en banc); Martinez v. State, 692 So.2d 199 (Fla. 3d DCA), rev. dismissed, 697 So.2d 1217 (Fla.1997).
Trombley argues that the points assessed for specific victims were inappropriately categorized as "severe" for one and "slight" for another. The testimony in the record is sufficient to support both. See Ely v. State, 719 So.2d 11 (Fla. 2d DCA 1998); Davis v. State, 565 So.2d 826 (Fla. 5th DCA 1990); Green v. State, 496 So.2d 256 (Fla. 5th DCA 1986).
Fifth, Trombley argues the trial court erred in assessing six points on his sentencing scoresheet for a community sanction violation. Again, Trombley did not preserve this issue by objecting, but in any event this issue is without merit. In addition to the DUI offenses, Trombley was also sentenced to three violations of probation. At the sentencing hearing, he admitted he was on community control for three felony cases (presumably the violation of probation cases). Thus the points for community-sanction violations were properly assessed.
Sixth, Trombley contends the state attorney and trial court committed numerous violations of the rules of criminal procedure, which deprived him of due process. The record fails to show any violations by the trial court or the state attorney which warrant reversal of his convictions and sentences.
AFFIRMED.
PETERSON and GRIFFIN, JJ., concur.
NOTES
[1] § 316.193(3)(a),(b) and (c)2, Fla. Stat. (1997)
[2] § 316.193(3)(a),(b) and (c)1, Fla. Stat. (1997).
[3] § 316.027, Fla. Stat. (1997).
[4] § 924.051, Fla. Stat; Duhart v. State, 548 So.2d 302 (Fla. 5th DCA 1989); Williams v. State, 541 So.2d 764 (Fla. 5th DCA 1989).
[5] Florida Rule of Criminal Procedure 3.172(c)(1) provides as follows:

... [T]he trial judge should, when determining voluntariness, place the defendant under oath and shall address the defendant personally and shall determine that he or she understands:
(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.