789 So.2d 1132 (2001)
Bradley WHIPPLE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1221.
District Court of Appeal of Florida, Fourth District.
June 27, 2001.
Rehearing Denied August 7, 2001.
*1133 Richard W. Springer of Springer & Springer, Palm Springs, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melanie Ann Dale, Assistant Attorney General, West Palm Beach, for appellee.
*1134 SHAHOOD, J.
We reverse the court's denial of his motion to withdraw plea and hold that the trial court erred in permanently revoking appellant's driver's license.
Appellant was charged by Information with DUI with serious bodily injury (count I); DUI with injury to property or person (count II); and no valid driver's license causing serious bodily injury (count III). The Information alleged that on January 28, 1999, while driving under the influence of alcohol, appellant inflicted serious bodily injury to Elaine Girgis and caused property damage to the Academy for Little People.
On June 17, 1999, appellant entered a plea of guilty in open court. Prior to accepting his plea, upon inquiry by the court, appellant stated that he was entering the plea of his own free will. The court explained that if it accepted his plea, he would be doing so without any guarantee as to the sentence he would receive and that he could be sentenced within the guidelines between 55 months and 11 years in prison. Appellant replied that he understood. After establishing a factual basis for the plea, the court accepted appellant's guilty plea and noted that the plea was freely and voluntarily entered into and that appellant had full knowledge of the possible consequences.
At the July 20, 1999, sentencing hearing, the trial court reviewed the PSI, heard from the victim, and reviewed the guidelines scoresheet. At the time of the accident, appellant had a .26 percent alcohol blood draw and had a prior DUI conviction. The state recommended that the court impose a sentence that sends "a clear and convincing statement to Mr. Whipple" that what he did was wrong. The victim and her family wanted a below guidelines sentence for appellant because they were concerned that if appellant was incarcerated, he would not be able to work, and therefore, would be unable to make restitution.
The trial judge inquired as to the mandatory conditions which must be imposed by statute and the state stated that the court would have to suspend appellant's license for at least a year. The court sentenced appellant on count I to 60 months in the Department of Corrections with credit for time served. On counts II and III, appellant was sentenced to five years probation, consecutive to his term of incarceration. The court required that appellant receive alcohol treatment while incarcerated and permanently revoked appellant's driver's license.
Appellant filed a motion to withdraw his plea and argued that the trial court erred in permanently revoking his driver's license on the grounds that he had only one prior DUI (November 7, 1997). He claimed that the PSI incorrectly reflected a DUI conviction on May 27, 1993. The charge stemming from that 1993 incident resulted in a reckless driving charge and the DUI was nolle prossed. Appellant argued that only one of the two DUI's in the present case could be counted for suspension purposes, and thus, he did not qualify for a lifetime suspension under section 322.28(2)(a)3. Next, he claimed that he was not informed that he was eligible for a permanent revocation of his driver's license by his former attorney. Rather, he claimed his former attorney told him that he could be suspended for no more than five years. Lastly, he claimed that the trial court erred in assessing victim injury points.
At the hearing on the motion to withdraw plea, appellant's former attorney, Gerald Salerno, testified that he was surprised by the lifetime driver's license suspension because he did not believe that section 322.28 called for a lifetime suspension. Salerno had no recollection of seeing *1135 any authority presented to him by the state authorizing such a suspension. Salerno never discussed a lifetime suspension with appellant because he didn't think it was a possibility. Appellant understood that a driver's license suspension was inevitable as a result of entering a plea. Salerno said they discussed a driver's license suspension, but he could not recall whether he told appellant about a five or ten year suspension. On cross-examination, Salerno denied advising appellant that his driver's license could be suspended for no more than five years. Rather, he claimed he told appellant that a ten-year suspension was the maximum he could receive.
Appellant testified that prior to entering his plea, Salerno advised him that his license would be suspended for five years. Appellant claimed that he would not have entered a guilty plea had he known that his license could be suspended for more than five years.
In its order denying appellant's motion to withdraw plea, the court held that section 316.655 empowered the court to suspend or terminate driving privileges if warranted under the facts and circumstances of the case. Thus, it was not bound by section 322.28, as argued by appellant. The court held that a permanent revocation of appellant's driver's license was warranted under the facts of this case and because it was appellant's third DUI. The court also held that Salerno did not affirmatively mislead or erroneously advise appellant as to the maximum possible length of suspension. Lastly, the court held that there was no error in the assessment of victim injury points.
We reverse, finding error in the permanent revocation of appellant's driver's license and in the denial of appellant's motion to withdraw plea based on the misadvice of counsel. The trial court erroneously revoked appellant's driving privileges pursuant to section 316.655, Florida Statutes (1999). Rather, it was bound by section 322.28, Florida Statutes (1999).
Appellant was convicted under section 316.193(3)(c)2, a third degree felony, for DUI with serious bodily injury and had only one prior DUI conviction. The pertinent provisions of section 322.28 provide:
(2) In a prosecution for a violation of s. 316.193 or former s. 316.1931, the following provisions apply.
(a) Upon conviction of the driver, the court, along with imposing sentence, shall revoke the driver's license or driving privilege of the person so convicted, effective on the date of conviction, and shall prescribe the period of such revocation in accordance with the following provisions:
1. Upon a first conviction for a violation of the provisions of s. 316.193, except a violation resulting in death, the driver's license or driving privilege shall be revoked for not less than 180 days or more than 1 year.
2. Upon a second conviction within a period of 5 years from the date of a prior conviction for a violation of the provisions of s. 316.193 or former s. 316.1931 or a combination of such sections, the driver's license or driving privilege shall be revoked for not less than 5 years.

3. Upon a third conviction within a period of 10 years from the date of conviction of the first of three or more convictions for the violation of the provision of s. 316.193 or former 316.1931 or a combination of such sections, the driver's license or driving privilege shall be revoked for not less than 10 years.
* * * *
(e) The court shall permanently revoke the driver's license or driving privilege of a person who has been convicted four *1136 times for violation of s. 316.193 or former s. 316.1931 or a combination of such sections.
(4)(a) Upon a conviction for a violation of s. 316.193(3)(c)2., involving serious bodily injury, ... the court shall revoke the driver's license of the person convicted for a minimum period of 3 years. If a conviction under s. 316.193(3)(c)2., involving serious bodily injury, is also a subsequent conviction as described under paragraph (2)(a), the court shall revoke the driver's license or driving privilege of the person convicted for the period applicable as provided in paragraph (2)(a) or paragraph (2)(e).
(emphasis supplied).
Subsection 322.28(4)(a) specifically provides that where a conviction under section 316.193(3)(c)2, involving serious bodily injury, is also a subsequent conviction, the court shall revoke the person's driving privilege for the period applicable as provided in paragraph (2)(a). Since this was appellant's second DUI conviction within five years, section 322.28(2)(a)2 requires that his driving privilege be revoked for not less than 5 years.
Section 316.655, Florida Statutes (1999), relied upon the trial court, provides:
(2) Drivers convicted of a violation of any offense prohibited by this chapter or any other law of this state regulating motor vehicles may have their driving privileges revoked or suspended by the court if the court finds such revocation or suspension warranted by the totality of the circumstances resulting in the conviction and the need to provide for the maximum safety for all persons who travel on or who are otherwise affected by the use of the highways of the state. In determining whether suspension or revocation is appropriate, the court shall consider all pertinent factors, including, but not limited to, such factors as the extent and nature of the driver's violation of this chapter, the number of persons killed or injured as the result of the driver's violation of this chapter, and the extent of any property damage resulting from the driver's violation of this chapter.
(emphasis supplied).
It is well settled that the plain meaning of statutory language is the first consideration of statutory construction. See State v. Bradford, 787 So.2d 811 (Fla.2001)(quoting Capers v. State, 678 So.2d 330, 332 (Fla.1996)). Where the language of the statute is plain and unambiguous, there is no need for judicial interpretation. See id.
The language of section 322.28 is facially clear and unambiguous. The statute specifically mandates the suspension of driving privileges for violations of section 316.193. Unlike section 322.28, section 316.655, a permissive catch-all statute, does not address periods of suspension or revocation of driving privileges stemming from a DUI conviction under section 316.193. Rather, section 316.655, provides generally for the revocation or suspension of driving privileges based on the totality of the circumstances and the violation of any offense prohibited by chapter 316 or any law of this state. Thus, section 322.28, the more specific statute, controls in this instance.
The purpose of Chapter 322 is to protect the public. Thus, the chapter is to be liberally construed "to the end that the greatest force and effect may be given to its provision for the promotion of public safety." State, Dep't of Highway Safety & Motor Vehicles v. Grapski, 696 So.2d 950, 951-52 (Fla. 4th DCA 1997). It is the duty of the courts and the department to follow the provisions of Chapter 322. See id. at 952.
*1137 In this case, section 322.28(2)(a)2 specifically provides that upon a second conviction within a period of 5 years from the date of a prior conviction under section 316.193, the driver's license shall be revoked for not less than five years. Subsection 332.28(4)(a) provides that if a conviction under section 316.193(3)(c)2 involving serious bodily injury is also a subsequent conviction as described in paragraph (2)(a), the court shall revoke the driver's license of the person convicted for the period applicable as provided in paragraph (2)(a) or paragraph (2)(e). Clearly, the trial court was bound to follow section 322.28.
Under the statutory scheme of section 322.28, we conclude that the trial court erred in permanently revoking appellant's driver's license. In so holding, we rely upon this court's decision in Jackson v. State, 634 So.2d 1103, 1104 (Fla. 4th DCA 1994)(en banc). In that case, this court affirmed a defendant's DUI convictions, but reversed the permanent revocation of his driver's license under section 322.28(2)(e), Florida Statutes (1991), on the grounds that the statute contemplated convictions arising out of separate driving episodes, not multiple convictions arising out of one driving episode. The court held that the defendant's three DUI convictions arising out of one incident together with one prior DUI conviction did not warrant a permanent revocation of his driver's license. See id.
In reaching its conclusion, the court applied the basic tenet of statutory construction that "statutory provisions are to be read within the context of the entire statute." Id. at 1106. In analyzing section 322.28, the court held:
A reading of the fourth conviction provision in context with the second and third conviction provisions of this statute leads us to conclude that the overall scheme is for increased terms of suspension based on the number of times the defendant drives under the influence, not based on the happenstance consequences of one episode of driving under the influence. The statute increases the length of suspension each time the offender repeats the offending conduct, and when the offender does it the fourth time, his driving privileges are permanently revoked.
Id.
Under this court's analysis of section 322.28, the legislature did not contemplate the permanent revocation of a driver's license without the requisite number of DUI convictions. The increased length of suspension or revocation is commensurate with the number of DUI's. Thus, under the second conviction provision, the court erred in imposing a permanent license revocation and appellant should have been permitted to withdraw his plea.
We also hold that the trial court abused its discretion in denying appellant's motion to withdraw his plea based on the misadvice of counsel.
The trial court, in its order denying appellant's motion to withdraw plea, acknowledged that positive and material misadvice by counsel as to the direct consequences of a guilty plea, are grounds for withdrawal of a guilty plea. However, it found appellant's testimony incredible and unworthy of belief. The court found that Salerno "testified that while he may have told his client of a possible ten year suspension, he never told the Defendant that his license could not be suspended or revoked for more than ten years."
Florida Rule of Criminal Procedure 3.170(k) requires the court to determine whether a defendant's plea is voluntary. One aspect of a voluntary plea is that the defendant understand the reasonable consequences of his plea, including *1138 "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." See Daniels v. State, 716 So.2d 827, 828 (Fla. 4th DCA 1998)(quoting Ashley v. State, 614 So.2d 486 (Fla.1993)); see also Fla. R.Crim. P. 3.172(c)(1). A trial court is required to inform a defendant only of the direct consequences of the plea, and is under no duty to advise the defendant of any collateral consequences. See Daniels, 716 So.2d at 828. A direct consequence represents a definite, immediate and largely automatic effect on the range of the defendant's punishment. See id. (quoting Zambuto v. State, 413 So.2d 461, 462 (Fla. 4th DCA 1982)).
In Daniels, this court held that a defendant's plea was involuntary, absent his understanding that his driver's license would be revoked. The defendant entered pleas of nolo contendere to possession of cocaine and possession of less than 20 grams of cannabis. At no time was the defendant informed that as a result of his plea, his driver's license would be revoked pursuant to section 322.055(1). At sentencing, the court imposed the mandatory license revocation.
The defendant moved to withdraw his plea on the grounds that he was never advised by counsel about the license suspension. He claimed that he never would have entered the plea had he known of the license suspension. In reversing, this court held that the license revocation mandated by statute was definite, immediate and automatic upon his conviction. Thus, the revocation was a "consequence" of the plea under Ashley and a "penalty" contemplated by Rule 3.172(c)(1). See Daniels, 716 So.2d at 828-29. The court noted that the transcript of the sentencing hearing supported the defendant's claim that the suspension surprised him and that because he was placed on probation and not sentenced to a lengthy term of imprisonment, the effect of the license suspension upon him was not minimal. Thus, prior to accepting the plea, the trial court was required to determine that appellant understood that he was subject to a suspension under 322.055(1).
In this case, while appellant was advised that there would be a license revocation, he was never told that there could be a permanent license revocation. Salerno testified that he was surprised by the permanent revocation because he did not believe that section 322.28 called for such a sanction in this case. Salerno stated that while he and appellant discussed a driver's license suspension, he could not recall whether he told appellant about a five or ten year suspension. He did, however, recall that he did not discuss the possibility of a lifetime suspension.
Clearly, the revocation of appellant's license was a direct consequence of his plea. Although he was informed that there would be a license revocation, and that there was no guarantee as to what his sentence would be, he was misadvised or uninformed that a lifetime suspension was a possible consequence. Further, the effect of such revocation would not be minimal given the victim's insistence that appellant be able to work and make restitution. A permanent revocation would have direct impact on appellant's ability to make restitution. As in Daniels, the court was required to determine that appellant understood that he was subject to section 322.28 and a permanent revocation. Moreover, the trial court erroneously relied upon section 316.655 and never informed appellant of that fact until the pronouncement of sentence.
Lastly, we affirm the trial court's assessment of victim injury points on the guidelines scoresheet. See Scholz v. State, 734 So.2d 526 (Fla. 4th DCA 1999)(addition of victim injury points to defendant's sentencing *1139 guidelines scoresheet was not "double scoring," notwithstanding defendant's claim that death of victim was an element of DUI manslaughter); see also Trombley v. State, 754 So.2d 121 (Fla. 5th DCA 2000)(victim injury points could be assessed for the crime of DUI causing serious bodily injuries, even though personal injuries were inherent elements of the crime).
Affirmed in part; reversed in part and remanded to allow appellant to withdraw plea.
WARNER, C.J., and FARMER J., concur.