ALTENBERND, Judge.
Nicole Stoletz appeals her convictions for driving under the influence (DUI) and felony driving while license suspended (habitual), challenging only the trial court’s order requiring the permanent revocation of her driver’s license. We affirm the lifetime revocation of Ms. Stoletz’s license because both sections 316.655(2) and 322.28(2)(a)(2), Florida Statutes (1999), permit the court to do so, and nothing in section 322.28(2) prohibits such a revocation. On this point, we certify conflict with Whipple v. State, 789 So.2d 1132 (Fla. 4th DCA 2001). We remand to the trial court, however, for the correction of a scrivener’s error in Ms. Stoletz’s sentence for DUI.
Early in the dark morning hours of August 6, 1999, an accident left two cars disabled in the middle of the roadway on U.S. 41 in Manatee County. Juanita Leve-ro, a home health care worker who had witnessed the accident, approached one of the vehicles to render aid. She was joined by another bystander, Brian Wilson. Ms. Stoletz was driving south on U.S. 41 approaching the accident. She was unable to stop her car in time to avoid hitting the disabled vehicles in the roadway. This accident took the life of Ms. Levero and resulted in Mr. Wilson losing one of his legs. It also caused additional injuries to one of the occupants of the disabled vehicles. Ms. Stoletz had a blood alcohol level of 0.241.
Ms. Stoletz was charged with one count of DUI causing death, two counts of DUI causing serious bodily injury, and one count of felony driving while license suspended (habitual). Ms. Stoletz entered a plea of no contest to the charge of felony driving while license suspended. At the trial on the remaining DUI charges, the jury was apparently unconvinced that Ms. Stoletz’s impairment was a contributory cause of this accident. Thus, the jury convicted Ms. Stoletz of the lesser-included offense of DUI.
The trial court sentenced Ms. Stoletz to five years’ imprisonment for felony driving while license suspended, followed by one year of probation for DUI, a special condition of which was nine months’ incarceration in county jail. The trial court also permanently revoked Ms. Stoletz’s driving privileges pursuant to section 316.655(2).
On appeal, Ms. Stoletz argues that the trial court had no authority to permanently revoke her driver’s license because section 322.28(2) prescribes specific lengths of time for license revocation or suspension, depending upon a person’s prior DUI record. This was Ms. Stoletz’s second conviction for DUI. Section 322.28(2)(a)(2) requires a five-year license revocation for a second DUI conviction; section 322.28(2)(e) requires a permanent revocation of a driver’s license only after a fourth conviction for DUI. Ms. Stoletz argues that section 322.28(2) prohibited the trial court from imposing a lifetime revocation for a second DUI conviction. Moreover, she argues that the specific provisions in section 322.28(2), relating to the crime of DUI, control over section 316.655(2), a catch-all provision relating to state uniform traffic control. Section 316.655(2) allows a trial court to suspend or revoke a *868 defendant’s license following a conviction for any offense in chapter 316 if the totality of the circumstances merits a suspension or revocation.
In support of her argument, Ms. Stoletz cites Whipple, 789 So.2d 1132. In Whipple, the Fourth District concluded that the trial court could not permanently revoke Mr. Whipple’s driver’s license after his second DUI conviction under section 316.655, because the more specific statute, section 322.28(2)(a)(2), controlled. Whipple, 789 So.2d at 1136. The court concluded that section 322.28(2)(a)(2) was clear and unambiguous and a more specific statute than the “catch-all” provision of section 316.655. Id. The Fourth District reasoned that section 322.28(2) indicated “the legislature did not contemplate the permanent revocation of a driver’s license without the requisite number of DUI convictions.” Id. at 1137.
We cannot agree with Whipple. Rather, we conclude that there is no conflict between sections 316.655(2) and 322.28(2)(a)(2), and that both permit the trial court’s permanent revocation of Sto-letz’s license. Section 322.28(2) provides that upon a conviction of a driver for DUI, the trial court shall revoke the driver’s license of the defendant “in accordance with the following provisions.” Subsection 322.28(2)(a)(2) states:
Upon a second conviction for an offense that occurs within a period of 5 years after the date of a prior conviction for a violation of the provisions of s. 316.193 or former s. 316.1931 or a combination of such sections, the driver’s license or driving privilege shall be revoked for not less than 5 years.
(Emphasis supplied.) Thus, nothing in section 322.28(2)(a)(2) prohibits a court from imposing a term of suspension or revocation longer than five years for a second conviction for DUI, and section 316.655(2) specifically permits a court to do so. There is no argument in this case that the trial court abused its discretion in determining that the totality of the circumstances here justified the lifetime revocation of Ms. Stoletz’s license under section 316.655(2).
We affirm the order,permanently revoking Ms. Stoletz’s license. We certify conflict with Whipple, 789 So.2d 1132. We remand to the trial court, however, to correct a scrivener’s error in Ms. Stoletz’s written sentence for DUI. The trial court imposed a Villery sentence for this charge of twelve months’ probation, a special condition of which was nine months’ incarceration. See Poore v. State, 531 So.2d 161, 164 (Fla.1988) (defining Villery sentence and citing Villery v. Fla. Parole & Probation Comm’n, 396 So.2d 1107 (Fla.1981)). However, on the form for the written judgment, the trial court inadvertently checked the boxes relating to split sentences, thus effectively imposing an illegal sentence of nine months’ county jail followed by twelve months’ probation. On remand, the trial court shall correct this scrivener’s error.
Affirmed, conflict certified. Remanded to correct scrivener’s error in sentence.
WHATLEY and SILBERMAN, JJ„ Concur.