875 So.2d 572 (2004)
Nicole STOLETZ, Petitioner,
v.
STATE of Florida, Respondent.
No. SC03-168.
Supreme Court of Florida.
May 20, 2004.
*573 James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Tenth Judicial Circuit, Bartow, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Robert J. Krauss, Chief Assistant Attorney General, Bureau Chief, Tampa Criminal Appeals, and Richard M. Fishkin, Assistant *574 Attorney General, Tampa, FL, for Respondent.
QUINCE, J.
We have for review Stoletz v. State, 842 So.2d 866 (Fla. 2d DCA 2003), which expressly and directly conflicts with the decision in Whipple v. State, 789 So.2d 1132 (Fla. 4th DCA 2001). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons more fully discussed below, we approve the decision of the Second District Court of Appeal which affirmed the trial court's permanent revocation of the petitioner's driver's license.

FACTS
Juanita Levero and Brian Wilson stopped along the highway to render aid to a person involved in an automobile accident. Nicole Stoletz, who was driving along the highway, hit and killed Levero and seriously injured Wilson. Stoletz also caused additional injuries to the person involved in the original accident. Stoletz had a blood alcohol level of .241. She was charged with one count of driving under the influence (DUI) causing death, two counts of DUI causing serious bodily injury, and one count of felony driving while license suspended (habitual). She was convicted of DUI and felony driving while license suspended. The DUI conviction was her second in five years. She was sentenced to five years' imprisonment for driving while license suspended, followed by one year of probation for DUI, a special condition of which was nine months' incarceration in county jail. In addition, her license was permanently revoked under section 316.655(2), Florida Statutes (1999).
Stoletz appealed, challenging only the permanent revocation of her driver's license. She argued that the trial court had no authority to permanently revoke her driver's license under section 316.655(2), because a more specific statute applies and the more specific statute authorizes a license revocation of five years, but no more. See § 322.28(2)(a)(2), Fla. Stat. (1999) ("Upon a second conviction for an offense that occurs within a period of 5 years after the date of a prior conviction... the driver's license or driving privilege shall be revoked for not less than 5 years."). The Second District affirmed the permanent revocation, finding that it was a permissible sanction under either statute. The Second District then certified conflict with Whipple v. State, 789 So.2d 1132 (Fla. 4th DCA 2001), wherein the Fourth District concluded that the defendant's driver's license could not be permanently revoked for a second DUI conviction under section 316.655 because the more specific statute, section 322.28(2)(a)(2), controlled, and that under the specific statute, the Legislature contemplated permanent revocation after four DUI convictions, not two.
This Court granted review based on express and direct conflict of decisions.

LAW AND ANALYSIS
Section 316.655(2), Florida Statutes (1999), provides:
Drivers convicted of a violation of any offense prohibited by this chapter or any other law of this state regulating motor vehicles may have their driving privileges revoked or suspended by the court if the court finds such revocation or suspension warranted by the totality of the circumstances resulting in the conviction and the need to provide for the maximum safety for all persons who travel on or who are otherwise affected by the use of the highways of the state. In determining whether suspension or revocation is appropriate, the court shall consider all pertinent factors, including, but not limited to, such factors as the extent and nature of the driver's violation *575 of this chapter, the number of persons killed or injured as the result of the driver's violation of this chapter, and the extent of any property damage resulting from the driver's violation of this chapter.
Stoletz argues that section 316.655(2) is not applicable to her because there is a more specific statute, section 322.28(2)(a)(2), Florida Statutes (1999), that controls. The more specific statute provides:
(2) In a prosecution for a violation of s. 316.193 or former s. 316.1931, the following provisions apply:
(a) Upon conviction of the driver, the court, along with imposing sentence, shall revoke the driver's license or driving privilege of the person so convicted, effective on the date of conviction, and shall prescribe the period of such revocation in accordance with the following provisions:
....
2. Upon a second conviction within a period of 5 years from the date of a prior conviction for a violation of the provisions of s. 316.193 or former s. 316.1931 or a combination of such sections, the driver's license or driving privilege shall be revoked for not less than 5 years.

§ 322.28(2), Fla. Stat. (1999) (emphasis added). We agree with the Second District's conclusion in this case that there is no conflict between these two statutes and that both statutes would permit a trial court to permanently revoke a driver's license if warranted by the circumstances.
In contrast, the Fourth District in Whipple found section 322.28(2)(a)(2) was applicable and did not allow permanent revocation after the second DUI. The defendant in Whipple caused an accident and pled guilty to DUI with serious bodily injury, DUI with injury to property or person, and driving without a valid driver's license causing serious bodily injury. Whipple, 789 So.2d at 1134. The trial court permanently revoked Whipple's driver's license under the general statute, section 316.655(2). Id. The Fourth District held that Whipple's driving privileges could not be permanently revoked under section 316.655(2) because the trial court was bound by the more specific statute, section 322.28(2)(a)(2). Id. at 1135. Moreover, the Fourth District opined that the more specific statute, section 322.28(2)(a)(2), does not provide for the permanent revocation of a driver's license after only a second DUI conviction, stating that "the legislature did not contemplate the permanent revocation of a driver's license without the requisite number of DUI convictions." Id. at 1137.
We agree, however, with the Second District's view that "nothing in section 322.28(2)(a)(2) prohibits a court from imposing a term of suspension or revocation longer than five years for a second conviction for DUI, and section 316.655(2) specifically permits a court to do so." Stoletz, 842 So.2d at 868. This Court has repeatedly held that the plain meaning of statutory language is the first consideration of statutory construction. See State v. Bradford, 787 So.2d 811, 817 (Fla.2001). In addition, "a specific statute covering a particular subject area always controls over a statute covering the same and other subjects in more general terms." McKendry v. State, 641 So.2d 45, 46 (Fla.1994). The language of the general statute, section 316.655(2), and the language of the more specific statute, section 322.28(2)(a)(2), is plain and unambiguous. Section 316.655(2) provides generally for the revocation or suspension of driving privileges based upon the totality of the circumstances resulting in a conviction of any offense prohibited by chapter 316 or *576 any other law of this state regulating motor vehicles, including chapter 322. Section 322.28(2)(a)(2) specifically addresses periods of revocation or suspension of driving privileges resulting from DUI convictions under section 316.193, Florida Statutes (1999). Applying the rule that a specific statute controls over a more general one, section 322.28(2)(a)(2) would apply when determining the period for which a court may suspend or revoke a driver's license for a DUI conviction. Stoletz was convicted of her second DUI, so the more specific section 322.28(2)(a)(2) applies in determining the license revocation period for her DUI conviction. Pursuant to section 322.28(2)(a)(2), Stoletz's license "shall be revoked for not less than 5 years."
The Fourth District has held that section 322.28(2)(a)(2) does not allow for a permanent driver's license revocation when read within the context of the entire statute. Whipple, 789 So.2d at 1137. However, the plain language of the section provides for a mandatory minimum period for a license revocation, not a mandatory maximum. See § 322.28(2)(a)(2), Fla. Stat. (1999). The statute is not ambiguous, and we may not assume that the omission of a mandatory maximum was unintentional. See Bradford, 787 So.2d at 817; see also Holly v. Auld, 450 So.2d 217, 219 (Fla.1984). It is particularly important to note that the immediately preceding provision in this statute does, in fact, set forth a mandatory maximum time period for license revocation.[1] It is also noteworthy that prior to a 1982 amendment, the revocation period in section 322.28(2)(a)(2) did provide a mandatory minimum and maximum of "not less than 6 months or more than 24 months." § 322.28(2)(a)(2), Fla. Stat. (1981). After the 1982 amendment, the revocation period became "not less than 5 years" which is the provision applicable in this case. See Ch. 82-155, § 9, Laws of Fla. Thus, it is clear that the Legislature intended to establish a mandatory minimum, but no maximum, revocation period for a second DUI conviction. The courts "are `without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications.'" Holly, 450 So.2d at 219 (quoting Am. Bankers Life Assur. Co. v. Williams, 212 So.2d 777, 778 (Fla. 1st DCA 1968)) (alterations in original). We therefore agree with the Second District that "nothing in section 322.28(2)(a)(2) prohibits a court from imposing a term of suspension or revocation longer than five years for a second conviction for DUI." Stoletz, 842 So.2d at 868.
Although we find that when a defendant is convicted of a DUI, a trial court should utilize the statute which specially applies to DUI convictions to determine the permissible license revocation period for the DUI conviction, in this case, section 316.655(2) is also applicable because the defendant was convicted of another driving offense. Stoletz pled no contest to and was convicted of felony driving while license suspended (habitual), a violation of section 322.34(5). When a defendant is convicted of another offense in chapter 316 or any other law of this state regulating motor vehicles, and the totality of the circumstances merits a suspension or revocation, a trial court may utilize section 316.655(2) to suspend or revoke the defendant's license. Because Stoletz was convicted of an additional offense which *577 was a violation of a "law of this state regulating motor vehicles," the trial judge did not err in considering the totality of the circumstances when permanently revoking Stoletz's license under section 316.655(2). See Reed v. State, 744 So.2d 1090 (Fla. 4th DCA 1999) (finding the trial court properly considered the totality of circumstances, including the fact that a death occurred, in permanently revoking a defendant's license pursuant to section 316.655(2) after his conviction for reckless driving). Thus, in this case, both the specific statute applicable to DUI, section 322.28(2)(a)(2), and the general statute, section 316.655(2), authorized the trial court's permanent revocation of Stoletz's driver's license.

CONCLUSION
For these reasons, we approve the decision of the Second District in Stoletz, which affirmed the trial court's permanent revocation of Stoletz's license after her second conviction for DUI and her conviction for felony driving while license suspended (habitual).
It is so ordered.
ANSTEAD, C.J., and WELLS, LEWIS, CANTERO, and BELL, JJ., concur.
PARIENTE, J., concurs in result only with an opinion.
PARIENTE, J., concurring in result only.
I concur in result only because although I agree that the trial court had authority to permanently revoke Stoletz's driver's license, that authority is derived from section 316.655(2) and not from section 322.28(2)(a)(2). I thus disagree with the majority that a trial court has unfettered discretion under section 322.28(2)(a)(2) to permanently revoke a driver's license based solely on a second DUI conviction without regard for the circumstances of the offense.
In this case, Stoletz was convicted of, among other offenses, driving with a suspended license (for habitual traffic offenses). Section 316.655(2) provides:
Drivers convicted of a violation of any offense prohibited by this chapter or any other law of this state regulating motor vehicles may have their driving privileges revoked or suspended by the court if the court finds such revocation or suspension warranted by the totality of the circumstances resulting in the conviction and the need to provide for the maximum safety for all persons who travel on or who are otherwise affected by the use of the highways of the state. In determining whether suspension or revocation is appropriate, the court shall consider all pertinent factors, including, but not limited to, such factors as the extent and nature of the driver's violation of this chapter, the number of persons killed or injured as the result of the driver's violation of this chapter, and the extent of any property damage resulting from the driver's violation of this chapter.
Thus, this statutory provision requires that the trial court evaluate the totality of the circumstances and provides a list of pertinent factors to consider. For Stoletz, these circumstances included the facts that she violated two criminal traffic laws, that her blood-alcohol level at the time of the offenses was .241 percent, and that one person was killed and two others seriously injured in the accident in which she was involved.[2] On these facts the trial court, *578 taking into consideration "the totality of the circumstances" and "all pertinent factors," acted within its discretion under section 316.655(2) in permanently revoking Stoletz's driving privileges for the offense of driving with a license suspended for habitual traffic offenses.
However, I disagree with the majority that a trial court could rely solely on section 322.28(2)(a)(2) to permanently revoke Stoletz's license. At the time of the offenses in this case, section 322.28, Florida Statutes (1999), provided, in pertinent part:
(2) In a prosecution for a violation of s. 316.193 or former s. 316.1931, the following provisions apply:
(a) Upon conviction of the driver, the court, along with imposing sentence, shall revoke the driver's license or driving privilege of the person so convicted, effective on the date of conviction, and shall prescribe the period of such revocation in accordance with the following provisions:
1. Upon a first conviction for a violation of the provisions of s. 316.193, except a violation resulting in death, the driver's license or driving privilege shall be revoked for not less than 180 days or more than 1 year.
2. Upon a second conviction within a period of 5 years from the date of a prior conviction for a violation of the provisions of s. 316.193 or former s. 316.1931 or a combination of such sections, the driver's license or driving privilege shall be revoked for not less than 5 years.

3. Upon a third conviction within a period of 10 years from the date of conviction of the first of three or more convictions for the violation of the provisions of s. 316.193 or former s. 316.1931 or a combination of such sections, the driver's license or driving privilege shall be revoked for not less than 10 years.

....
(e) The court shall permanently revoke the driver's license or driving privilege of a person who has been convicted four times for violation of s. 316.193 or former s. 316.1931 or a combination of such sections.
(Emphasis supplied.)
In holding that a permanent revocation is authorized under section 322.28(2)(a)(2), the majority reads the provision's phrase "shall be revoked for not less than 5 years" in isolation. The majority's construction is contrary to the well-established principle of statutory construction that courts should read "all parts of a statute ... together ... to achieve a consistent whole." Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 455 (Fla. 1992). See also Acosta v. Richter, 671 So.2d 149, 154 (Fla.1996) ("[S]tatutory phrases are not to be read in isolation, but rather within the context of the entire section."). Applying this principle in Whipple v. State, 789 So.2d 1132, 1137 (Fla. 4th DCA 2001), the Fourth District correctly concluded that section 322.28(2)(a)(2) did not authorize a permanent license revocation for a second DUI conviction.
Although subsection (2)(a)(2) does not specify a maximum period of revocation, it is part of a statutory scheme that increases the terms of revocation for each DUI conviction, culminating in permanent revocation for a fourth conviction. See § 322.28(2)(e), Fla. Stat. (1999). The Second District has recognized that with regard *579 to this statute, "[t]he legislature has consistently indicated its intent to provide greater protection to the public from persons who had accumulated multiple DUI convictions.... Obviously, the public is more susceptible to harm from one who has a pattern of driving under the influence." Dep't of Highway Safety & Motor Vehicles v. Bender, 497 So.2d 1332, 1334 (Fla. 2d DCA 1986) (emphasis supplied). Accordingly, successive DUI convictions authorize commensurately longer suspensions and revocations. See Whipple, 789 So.2d at 1137. A construction of section 322.28(2) that allows permanent revocation for a second or subsequent conviction undermines the link between DUI recidivism and the duration of license revocation evident in the legislative scheme.
In addition, the majority's construction of section 322.28(2) provides trial courts with the option of a revocation from five years to permanent without criteria to guide that discretion. At the very least, section 322.28(2) should be considered in pari materia with section 316.655(2) because pursuant to section 316.655(2), DUI constitutes a violation of a "law of this state regulating motor vehicles." Section 316.655(2) requires that in determining the length of the revocation, the trial court is to "consider all pertinent factors, including, but not limited to, such factors as the extent and nature of the driver's violation..., the number of persons killed or injured as the result of the driver's violation..., and the extent of any property damage resulting from the driver's violation."
This construction of the provisions of section 322.28(2) and its relationship to section 316.655(2) would give effect to the language in both statutes. First, it would be consistent with the dictate of sections 322.28(2)(a)(2) and (3) that the revocation be for periods of "not less than" five and ten years, respectively. Second, this construction would effectuate the Legislature's intent, expressed in section 316.655(2), that the decision to revoke a driver's license be justified by the "the need to provide for the maximum safety for all persons who travel on or who are otherwise affected by the use of the highways of this state." Finally, this construction would give trial courts guidance in exercising discretion under section 322.28(2).
Absent application of the criteria supplied by section 316.655(2), revocations imposed upon second-and third-time DUI offenders under section 322.28(2) could vary widely, without regard to the circumstances of the offense. Further, without articulated criteria, there is no basis for an appellate court to determine whether a trial court abused its discretion in permanently revoking a license under section 322.28(2). I do not believe the Legislature intended this result in authorizing commensurately longer revocations for repeat DUI offenders.
NOTES
[1] Section 322.28(2)(a)(1), Florida Statutes (1999), states:

Upon a first conviction for a violation of the provisions of s. 316.193, except a violation resulting in death, the driver's license or driving privilege shall be revoked for not less than 180 days or more than 1 year.
[2] Although she was charged with DUI manslaughter and two counts of DUI causing serious injury, the jury found Stoletz guilty only of DUI, evidently concluding that her intoxication was not a contributory cause of the accident. See Stoletz v. State, 842 So.2d 866, 867 (Fla. 2d DCA 2003).